*Thomas & Shankland,* for plaintiff.

ALBANY,
Oct. 1828.

Jerome
v.
Boeram,

---

JEROME *ads.* BOERAM, &c.

SAME *ads.* THE PEOPLE.

MOTION to set aside attachments, and for retaxation, in the above and three other causes. At the last October term, a motion made by the defendant to be discharged from arrest in those causes, was denied with costs. The plaintiff's attorney, (the same attorney prosecuting for all the plaintiffs,) had costs taxed in each cause at $13,40, on 30th November last, after due notice to the defendant's attorney, and had the same demanded of the defendant. The demand was made by an agent of the plaintiff's attorney, who delivered to the defendant copies of the taxed bills, shewed the certified copies of rules allowing the costs, and read the power of attorney authorizing

Where a motion in several causes is resisted on one set of papers, there can be but one bill of costs taxed. Where a rule for costs is granted against a party, and the same demanded by virtue of a power of attorney, a copy of the power need not be delivered, nor is it necessary to deliver a certified copy of the rule. The costs of the attachment should be taxed with the costs of resisting the motion, in anticipation, though not demanded unless service performed. Where an attorney is retained, another attorney cannot act for the party without being regularly substituted, and the acts of such second attorney will be disregarded by the court.

the demand. In the May term, attachments were ordered for the non-payment of the costs, upon which the plaintiff's attorney issued four several attachments against the defendant, directing the sheriff to receive $20,31 in each case, besides his fees, which sum included $6,91, the costs of obtaining the attachments, which had not been charged or included in the taxed bills. A motion was now made to set aside the attachments, and for a retaxation, on a notice given by Messrs. Kellogg and Sandford, as attornies for defendant.

*D. Kellogg*, for defendant. I. The attachments irregularly issued ; a *certified* copy of the rule was not delivered to the defendant; (2 *Dunlap's Pr.* 740 ;) the *taxed bills* were not shewn ; a *copy* of the power of attorney was not delivered. (3 *Johns. R.* 138. 6 *Cowen*, 38. 2 *Tidd's Pr.* 760. 1 *Dunlap's Pr.* 350.) Copies of the papers on which the demand was made, should have been delivered, as well as the originals shewn. (3 *T. R.* 351. 2 *Cowen*, 453. 3 *Cowen*, 26.) II. The motions at the October term were opposed on one set of papers ; the attorney was therefore entitled to but one bill of costs. (18 *Johns. R.* 310. 3 *Cowen*, 385. 4 *Cowen*, 532.)

*H. V. R. Schermerhorn*, for plaintiff, objected preliminarily, that the defendant had appeared by *H. D. Barto* as his attorney, and that he had not received notice of the substitution of the attornies who had given notice of this motion, and insisted that his proceedings had been regular.

*By the Court*, SAVAGE, Ch. J. The taxation of four bills of costs was erroneous. The motion of the defendant having been resisted on one set of papers, there should have been but one bill taxed ; but this objection ought to have been made before the taxing officer, (1 *Cowen*, 49, *ib.* 591,) and the motion for retaxation ought to have been made at the next term.

The demand of costs was regularly made. It is not necessary in such cases that a *copy* of the power of attorney should be served, nor need a *certified* copy of the rule for costs be delivered. A copy of the certified copy was served, with

a copy of the taxed bill, and the certified copy, with the taxed bill and power of attorney, were shewn. This was all that was necessary.

The costs of the attachment ought properly to have been taxed in the costs of resisting the motion in anticipation of the services, as there is no other opportunity for taxing them, though they cannot be demanded unless the proceedings are had, and the services performed. It is not allowable that it should be left to the discretion of the attorney to charge such costs as he may think proper. The plaintiff, therefore, was irregular in this respect.

The preliminary objection, however, to this motion, is fatal. The notice should have been given in the name of the attorney originally retained, or a regular substitution shewn. For that cause, the motion is denied with costs.

Motion denied.