By the Court,

Savage, Ch. J.
It was objected that the old bills should have been submitted for relaxation: that the stipulation did contemplate new bills with new items. The judge decided that he would tax the bills presented. In this, I think, he erred. The object of the parties was to settle the amount due at the time of the commencement of the suit, and that could not be more than the taxed bills contained. The investigation contemplated was an investigation of the charges already made; not the taxation of new bills. A simple notice of the time and place of relaxation of the bills already taxed was all the paper necessary to be served, and all which should have been taxed against the dedenfant.
*The second question raised before the circuit, judge related to the retaining fee. The plaintiffs contended they were entitled to eleven retaining fees. The defendant’s counsel insisted they ought to have but one fee. This must be determined by the number of suits directed by the defendant. It is agreed that he directed but one; and when the defendants in that suit asked the court to sever in pleading and consent rules, the motion was resisted by the plaintiff, but directed by the court. The very order of the court, presupposes but one suit. If eleven suits were in existence, it would have been of course for the consent rules to be separate. The effect of the order of the court was to separate them thereafter, but not to direct the commencement of more suits than the lessor had ordered. As between attorney and client, therefore, there should be but one retaining fee, and that in the joint suit. It is not necessary to say how that point should be decided between party and party ; possibly a different rule would prevail, because the acts of the defendants had separated what the plaintiff had made joint; and if the recovery was in favor of the plaintiff, the defendants could not object with a good grace ; but even in such a case, if all the suits were for the same premises, the same subject matter, it might well be questioned. In actions against several for the same trespass, where the defendants sever in pleading, and several trials are had, the plaintiff may elect de meliorihus damnis, but can have damages but once, and full costs in one suit and disbursement in the others. There but one retaining fee and one declaration could be taxed. The plaintiffs swear that after the separation of the suits, they wore employed to prosecute the suits separately. The fact was, that the lessors hesitated whether to go on or discontinue'the suit after separate consent rules were ordered; and finally concluded to go on with the prosecution already commenced ; not to commence new suits. Of course there were crier’s fees only in one suit.
The next point is whether the plaintiffs’ attorneys are entitled to two drafts of declaration. It is said to have been generally, if not universally charged and allowed. If so, it seems to have been a common error; but that, does not make it right. There is no adjudged case allowing it; there is nothing in the statute, *or in our rules of practice, which contemplates more than one draft declaration. It is said the suits are separate; one against John Stiles, and the other against the tenant; if so, there should be two retaining fees; but no attorney, I trust, has had the boldness to make such a charge. The declaration served^ is in the nature of process ; and so are all declarations now, which are the commencement of suits; but I presume no second draft has ever been taxed, or even charged, in such a case.
*174 The charges of drawing admissions of service of declarations were unnecessary, unless there had been a default in not pleading. In ejectment, the old practice was to exchange pleadings at the same time, and then no such admission was either necessary or proper. This charge should have been disallowed.
Ten notices of trial were taxed. The causes were all in favor of the same lessors ; all defended by one attorney. The notices were, or should have been on one paper, and charged but once. In Jackson v. Burnet, 18 Johns. R. 310, there were 14 causes at the suit of the same lessor ; a motion was made, in which costs were given, and the court said, that where there are several causes included together on the same paper, in one affidavit and notice, there can be but one bill of costs, and not separate bills in each case. But where the titles are between different parties, the clerk is entitled to charge for filing an affidavit in each case, though there is but one affidavit below the titles of several causes. 20 Johns. R. 274. The principles of both the above cases were recognized in Jackson v. Pionier, and eight other causes, 3 Cowen, 385. In Jackson v. Ten Eyck and wife, 4 Cowen, 532, there were eleven causes and eleven different sets of papers which were then allowed, but the court distinctly told the bar that it would not be done again ; and that when all the causes could be inserted on one paper, they should be, or at all events, that but one set would be taxed. In the case oí Jerome v. Boeram, 1 Wendell 293, a motion for retaxation was made by the plaintiffs in this cause as attorneys for defendants in that, on the ground, among others, that but one bill of costs instead of four, should have been taxed ; and the principle was recognized by the '‘‘"court. Yet these same attorneys make charges in their own bills which they knew were erroneous. The pretence that there was a difference between a notice of trial and a notice of a motion, does not deserve notice.
The charges for noticing the causes for the circuit, and those consequent, depend upon the facts which are disputed. The chief justice here goes into an examination of the evidence adduced by both parties, and comes to the conclusion that the charges for subpoenas and the circuit fees should not have been taxed. He, however, was of opinion that the circuit rolls were chargeable, as they with propriety might be drawn after issue joined, and previous to the first circuit; that the copy of the opinion of the court, on an interlocutory motion in the progress of the cause, was a proper item of charge as between attorney and client; and as to the question of counting folios, he was of opinion that unless the excess over 100 words in any pleading or paper exceeded half a folio, there ought to be no charge made.