ALBANY,
Feb. 1839.

The People.
v.
Corey.

THE PEOPLE *vs.* COREY & BRIGGS.

A scire facias sued out in a court of common pleas, to obtain execution up-
on a jndgment rendered in that court and remaining there, cannot be re-
moved by certiorari into the supreme court.

MOTION to quash a *certiorari* sued out to *remove a cause*    Feb. 1839.
from a court of common pleas into this court. A judgment
was obtained in the Yates common pleas in the name of
The People against the defendants, and subsequently a *scire
facias* to obtain execution upon that judgment was sued
out returnable in the same court. The defendants filed in
the court of common pleas a *certiorari* to remove the cause
into this court, and a motion was now made to quash the
writ.

*H. Welles,* for the people, insisted that the *scire facias*
sued out in this case was but a *continuation* of the original
suit, and inasmuch as the record in that suit remained
in the Yates common pleas, that the proceeding by *scire
facias* to obtain execution of the judgment could not be re-
moved by *certiorari* into this court.

*S. Stevens,* contra, contended that the *scire facias* was a
new action, and like all other actions allowed to be removed
might be removed by *certiorari* into this court ; that it was a
new action, he said, was evident from the well established
rule, that a new warrant of attorney is necessary to the bring-
ing of a *scire facias* to revive a judgment.

*By the Court,* NELSON, Ch. J. It is true that a new war-
rant of attorney is necessary to the bringing of a *scire fa-
cias* to revive a judgment, 2 Tidd's Pr. 983 ; 7 T. R. 337 ;
Bing. on Ex. 126, n. (y ;) 6 Johns. R. 108 ; but it is nev-
ertheless for many purposes regarded as *the continuation of
the former suit.* Ibid, and 2 Saund. 71, a, n. 4. Indeed,
it is so decided in several cases ; 1 T. R. 388 ; 6 id. 282,
366. Upon a *recognizance* it is an original proceeding.

Tidd's Pr. 983. The writ must be sued out of the same court where the judgment was given, if the record remain there; or if it has been removed, out of the court where the record is    Mr Tidd says, that when it is brought in the K. B. upon a judgment of an *inferior court*, it must appear in the writ itself how the judgment came there, whether by *certiorari* or *writ of error*, because the execution is different : if by *certiorari*, the *sci. fa.* should show the particular limits of the inferior jurisdiction, and pray execution within those limits. Tidd's Pr. 1007, 8. So intimately connected are the two proceedings, that an agreement in the former not to bring a writ of error operates to bar one in the latter. 1 T. R. 388. So the costs of a sci. fa. *after* bankruptcy, to revive a judgment obtained *before* bankruptcy, relate back to the original judgment, and are recoverable under the commission. 6 T. R. 282. So the proceeding by *scire facias* against *bail* must be in the same court where the record in the original action remains; and it was accordingly holden where a cause had been carried back from the K. B. by *procedendo* to an *inferior court*, where judgment was subsequently obtained and a *scire facias* sued out against the bail, who thereupon removed the proceedings into the K. B. by *habeas corpus*, that as the original cause had already been sent back, the other ought to follow it, and it was accordingly remanded. 6 T. R. 366.

All these principles and cases clearly indicate that the proceeding by *scire facias* to revive a judgment, should be had in the court where the record in the original action remains; that it is but the continuation of that suit—an incident—and must follow the original cause. It is not an *action* within the meaning of the term in the statute, which may be removed by *certiorari*. 2 R. S. 389, § 4.

Motion granted.