## SUPREME COURT.

### TRACY agt. STONE AND TWO OTHERS.

Where in action for libel, two defendants defend by the same attorney and an-
swer separately and verdict and judgment are given in their favor, but one
bill of costs and one set of charges can be allowed on adjustment by the clerk.

*Albany Special Term, August* 1850.   This was an action for
libel.   All the defendants appeared by one  attorney, but two of
them put in separate answers.   On the trial of the cause, a verdict
was rendered for the defendants.   The defendants' attorney made
out two  separate and full bills of  costs which were  allowed  on
adjustment by the clerk, the one bill at $157·37 and the other at
$117·25.   The plaintiff moved for a readjustment of the costs.

H. G. WHEATON, *for Plaintiff*.

I. EDWARDS and S. STEVENS, *for Defendants*.

PARKER, Justice.—The clerk was wrong in allowing two bills
of costs.   Where the defendants  appear by the same attorney,
there can be but one bill of costs.   Such was the rule under the
late practice; though  formerly, when  the defendants necessarily
pleaded separately and  where different witnesses were needed,
the specific allowances for such additional pleadings and for such
different  witnesses were taxable in the bill of costs.   But under
our present system, there  being  no specific compensation for an
additional answer, no charge could be made for it.   The defend-
ants  in this case  could have but one bill of costs.   In that they
could include fees  for all the witnesses who attended for  either
defendant and  every other  item allowed by the code, for an ex-
pense that either defendant had separately and necessarily incur-
red.   But there could be but one set of charges for those services
which are performed by the  attorney or counsel.   The witnesses
were entitled to but single fees, though they may have attended
to prove different facts for each defendant; and the disburse-
ments could not be twice charged.   It had been urged that the
adjustment made by the clerk in this case was proper, because

the compensation under the Code now belongs to the party and not to the attorney; that therefore the former practice was changed and each one of the successful parties defendant was entitled to a full and exclusive bill of costs. This reasoning would give costs to each of the successful defendants, as well where they unite, as where they separate, in their defence. In a suit against twenty persons, defending by one attorney and uniting in one answer, it would give to each defendant a separate and full bill of costs. Such a construction could not have been intended and can not be tolerated.

The statute now gives " to the prevailing party upon the judgment, certain sums by way of indemnity for his expenses in the action" (*Code* § 303), and prescribes what such allowances shall be. It can not be supposed the defendants will pay their attorney double fees for attending circuit when the cause was not reached, or for any other service, because there are two defendants. Such charges are not necessary to their " indemnity."

There must be a readjustment of the costs before the clerk and it can best be done by making out a new bill and serving copy and notice of adjustment. Motion granted without costs.