NATHAN R. BROCKWAY, *appellant, vs.* SIMEON B. JEWETT,
*respondent.*

WILLARD G. BROCKWAY, *appellant, vs.* SIMEON B. JEWETT,
*respondent.*

Appeals to the supreme court from the decrees or orders of surrogates are left
    to be governed by the law in force previous to the code, as well in respect
    to costs and fees, as in other particulars. The supreme court therefore has
    the power to award costs against either party; and the costs are to be reg-
    ulated by the fee bill applicable to the former court of chancery.

Such costs may be taxed by any justice of the supreme court, at any place
    within the state.

The application to have them taxed is not an application for an order, within
    the meaning of sec. 401 of the code. It is not, therefore, a motion;
    and may be made without the limits specified in that section.

An appeal from an order of a surrogate, appointing an administrator, is a
    calendar cause, and should be so treated in the taxation of costs.

From an order of a surrogate appointing an administrator, separate appeals
    should not be brought by parties opposing such appointment, as next of
    kin, whose interests and rights are the same.

Where several parties to a proceeding before a surrogate, appeal by different
    attorneys who are partners, they are entitled to only a single bill of costs.

The fact that the appellate court decides, in each appeal, that the order ap-
    pealed from shall be reversed with costs, will not prevent the application
    of this rule.

Is erroneous to charge for printed copies of the case and points, furnished
    the court and served upon the opposite party, on appeal, by *the folio.*

The rule of the court requiring the papers which are to be used at a general
    term, in calendar causes, to be printed, renders the expense of printing a
    necessary disbursement, within § 20 of 2 R. S. p. 633; and the party is
    confined to that mode of compensation.

THE respondent, by an order of the surrogate of Monroe
county, made in December, 1851, was appointed administrator,
&c. of one Hiel Brockway, deceased. In the proceeding for his
appointment, the citation required by the statute was served
upon the appellants, one of whom was a son of the deceased, and
the other a grandson, whose parent, a child of the deceased, was
dead, and upon several other persons, kindred of the deceased.
One of the appellants, the grandson, appeared before the surrogate
and resisted the appointment; the other did not appear. In
January, 1852, the appellants severally at the same time, ap-

Brockway *v.* Jewett.

pealed from the order of the surrogate by separate appeals, in form, which were taken nominally by different attorneys, but the attorneys were in fact partners. The appeals were prosecuted in form as separate appeals, but were brought to argument together, and both were decided at the same time; the decision in each being that the order appealed from be reversed with costs. The appellants' attorneys made out a full bill of costs in each case, under the fee bill applicable to suits in the late court of chancery, as in calendar causes, charging in each a retaining fee for solicitor and counsel, counsel and solicitors' fees on motions to dismiss the appeals, and on the hearing, and for other services and disbursements according to said fee bill. For the printed cases and points furnished the court, charges were made by the folio. The bills of costs were noticed for taxation before a justice of this court, at Lockport in the county of Niagara, and at the time specified in the notice the respondent by attorney appeared before the justice and objected to the taxation of the costs at that place, it "not being within the locality prescribed by the rules and practice in which to make motions in these appeals." He further objected that no costs were allowable in these cases; that if costs were allowable, they were only those of a motion, and should not exceed ten dollars; that only one bill should be taxed, and that only at ten dollars; and he further objected "to each and every item of the bill of costs, as not taxable, and also as overcharged," and to all charged by the folio, that the folios were less than was stated in the bills. Both bills were taxed by the justice on the principle upon which they were made out, some deductions being made for erroneous items and overcharges, one bill being taxed at $125,12, and the other at $138,25. A motion was now made by the respondent, for an order setting aside the taxation, and directing a retaxation, &c.

*S. B. Jewett,* respondent in person.

*A. J. Wilkin,* for the appellants.

*By the Court,* T. R. STRONG, J.   Under the revised statutes,
before the abolition of the late court of chancery, appeals from
orders of surrogates in cases like the present were to that court,
(2 *R. S.* 609, § 104;) and costs upon such appeals were to be
paid by the appellant or respondent as the court should direct.
(*Id.* 618, § 35.)   When costs were allowed they were governed
by the fee bill applicable to that court, (*Id.* 622,) and might be
taxed by the several vice chancellors.   (*Id.* 169, § 5.)   By the
constitution and the judiciary act, this court was substituted for
the court of chancery in respect to such appeals, and was invest-
ed generally with the jurisdiction and powers which belonged to
the late court of chancery, so far as was consistent with the
constitution and the provisions of said act; and the justices of
this court were invested with the jurisdiction and powers which
were possessed by the vice chancellors, with the qualification
aforesaid; and all laws relating to the court of chancery, its
jurisdiction, powers and duties, were, with the like qualification,
made applicable to this court, its powers and duties.   (*Const.
art.* 6.   *Laws* 1847, *p.* 323, 4, §§ 16, 17.)   There is nothing in
the constitution or judiciary act inconsistent with the possession
of the power by this court to direct as to the costs on appeals
from surrogates' courts, or with the allowance of costs according
to the fee bill in the court of chancery; nor is there any diffi-
culty in applying to this court in such cases, the provision above
referred to, conferring that power upon the court of chancery, or
the provisions of that fee bill.   And those provisions in respect
to such appeals have not been changed by any subsequent legis-
lation.   The code (§ 471) expressly provides that the second
part of that act, which relates to civil actions, shall not affect
" appeals from surrogates' courts."   (*See Sherman* v. *Youngs,*
6 *How. Prac. Rep.* 318.)   Such appeals are left to be governed
by the law in force before the code, as well in respect to costs
and fees, as in other particulars.   It follows, therefore, that this
court had power to award costs against the respondent, and that
the costs were to be regulated by the fee bill referred to.

The costs might properly be taxed by any justice of this court
at any place within the state.   The application to have the same

Brockway v. Jewett.

taxed was not an application for an order, within the meaning of § 401 of the code, and was not therefore a motion; and might be made without the limits specified in that section.

I am satisfied that an appeal from an order appointing an administrator, is, in the present system of the practice of the court, a calendar cause, and should be so treated in the taxation of costs. (*See Rule* 27 *of the present rules, and rule* 70 *of the Rules of* 1847 *in equity.*)

In respect to the objection to the taxation of more than a single bill, I have come to the conclusion after careful consideration, that it was well taken. There was clearly no necessity for bringing separate appeals. The rights of the respective appellants did not require it; and it is not perceived that any object could have been proposed by it, beyond costs. The order appealed from was made in a proceeding against both the appellants as parties, with others; it is confined to a single thing, and indivisible: the appeal of each of the appellants was from the entire order; they were taken at the same time and are alike in form, and although subscribed by different attorneys, the attorneys by whom they were subscribed were partners. Where several defendants defend by different attorneys who are partners, it is well settled that they are entitled on recovery, to only a single bill of costs. (*Tracy* v. *Stone,* 5 *How. Pr. Rep.* 104. *Crofts* v. *Rockefeller,* 6 *Id.* 9. *Ten Broeck* v. *Paige,* 6 *Hill,* 267. *Castellanos* v. *Beauville,* 2 *Sandf. S. C. R.* 670. *Braden* v. *Kakhaiser,* 3 *Id.* 760.) The principle of that rule extends to this case. Indeed the terms of the rule embrace this case. An appeal by a defendant in an action, or a respondent or party proceeded against, in a special proceeding, although it may be regarded and treated as a new action, or special proceeding, for some purposes, as entitling a party to appear by a new attorney, and to charge a retaining fee, under the fee bill before the code, is in fact but a step taken in continuation of the existing action or proceeding as a defense thereto. It is not embraced within the definition of an action; it is not commenced as an action; and it is not a new proceeding, any more than any other new step taken in making a defense. (*Overseers, &c.* v. *Beedle,* 1

Brockway *v.* Jewett.

*Barb. S. C. R.* 11. *McDonald* v. *The Bank for Savings, &c.* 2 *How. Prac. R.* 35. *Moore* v. *Cooley,* 2 *Hill,* 412. *Wright* v. *Nutt,* 1 *T. R.* 388. *The People* v. *Corey,* 19 *Wend.* 633. *Grah. Prac.* 805.) The rule referred to is therefore strictly applicable to this case; and there is nothing in the fact that the court decided in each appeal that the order appealed from be reversed with costs, to prevent the rule being applied to it. It was not decided that each appellant was entitled to a separate bill; nor does it appear that the attention of the court was called to that subject.

The court awarded costs to the appellants, and what were the costs properly taxable according to the practice of the court, was left for the taxing officer to determine. (*Jerome* v. *Boeram,* 1 *Wend.* 293.)

The taxation of the printed copies of the case and points furnished the court and served on the respondent, by the folio, was erroneous. The allowance by the folio, provided for by statute, for copies of papers, was intended as a compensation for the labor of making copies by writing. Before the rules of 1849, parties were not required to have any of the papers printed, and if they did so, they could not be allowed the expense of printing. There was but one mode of charging for copies, whether written or printed, and that was by the folio. A party might, at his election, have copies printed, but compensation for them was not arranged in reference to printing. By rule 33, of the rules of 1849, which was the same as rule 30 of the present rules, it was required that cases, points, and all other papers furnished to the court, at a general term, in calendar causes, be printed; and in consequence of this requisition, the expense of printing became a necessary disbursement within § 20 of the 2 R. S. p. 633, 4. The effect of the rule and the statute last referred to, was to dispense with the labor, in respect to copies of case, &c. for which the folio compensation was intended, and entitles the party to charge the expense of printing as a disbursement, and to confine him to that mode of compensation.

Some charges for unnecessary engrossing, and copies, appear to have been allowed on taxation; and there are other minor

errors. Probably the attention of the justice was not called to them, by the very general objection made in respect to the items. These can be pointed out and corrected on re-taxation.

The taxations must be set aside and a re-taxation ordered.

Order accordingly.

[MONROE GENERAL TERM, December 5, 1853. *Welles, Johnson* and *T. R. Strong*, Justices.]