PEOPLE *ex rel.* WICKS, overseer, etc., v. OSWEGO COUNTY COURT OF SESSIONS.

*Certiorari — a special proceeding — Abatement — Construction of statute — Overseer of the poor.*

An overseer of the poor of a town, as relator, obtained a common-law writ of certiorari to review proceedings in a bastardy case instituted by him. After the writ was served and return thereto made, his term of office expired. *Held*, that the certiorari was a special proceeding and not an "action" or "suit" under the provisions of 2 R. S. 474, § 100 (relating to suits by or against certain officers), and his successor in office could not be substituted as relator.

APPEAL from an order of the Oneida special term, April 8, 1873, denying a motion made by Jacob Fulmer, overseer of the poor of the town of Amboy, to be substituted as relator in a proceeding of certiorari, commenced by his predecessor in office. The facts appear in the finding and opinion of the special term, which is adopted by the general term.

*A. Z. McCarty*, for appellant.

*L. J. Dorwin*, for relator.

[The following is the finding of facts and the opinion at the special term]:

The relator, George Weeks, then overseer of the poor of the town of Amboy, sued out of this court a common-law certiorari, addressed to the respondents, to review the proceedings and determinations of the respondents in a bastardy case instituted by him.

After the writ was served, and the respondents' return was made and filed, the term of office of the relator expired, and Jacob Fulmer was elected overseer in his place and was duly qualified as such officer, and he now moves this court that he be substituted in place of the late overseer as relator.

DOOLITTLE, J. This proceeding was prosecuted by the relator as overseer of the poor of the town of Amboy, for the benefit of the town. When he ceased to be a public officer, and to represent the town, it would seem to be proper, if not necessary, that his successor should be substituted in his place, to enable him to represent the town in those matters which devolve upon the overseer, and to proceed with the business which the relator commenced and could only commence by virtue of his office as such overseer.

But his right to be substituted will depend upon the provisions of the statute. If that authorizes his substitution, the motion should be granted; if it does not, it must be denied.

The Revised Statutes provide (2 R. S. 474, § 100): "No suit commenced by or against any officer named in this article" which includes overseers, etc., "shall be abated or discontinued by the death of such officers, their removal from, or resignation of their offices, or the expiration of their term of office; but the court in which any such action shall be pending shall substitute the names of the

successors in such office, upon the application of such successors, or of the adverse party."

The question is, whether the word " suit " or " action," in the section set out above, includes a certiorari.

It has been decided at special term (*Overseers, etc., of Clayton* v. *Beedle*, 1 Barb. 10), that the words do not embrace writs of error; that a writ of error could not be brought in any personal action, by any one but the defendant in the action against whom the judgment was rendered, and there is no privity between the officer bringing the action and his successor in office. Therefore, no one can be substituted to prosecute the writ. This case is cited approvingly on the first proposition stated. 16 Barb. 593, 594.

A certiorari is no more an action than a writ of error. It is classified as a special proceeding. Crary treats of it in his work as such. In *People* v. *Stilwell*, 19 N. Y. 532, Justice COMSTOCK says: " The writ of certiorari I suppose to be a special proceeding, according to the classification of remedies contained in the Code of Procedure, § 2."

It is not an action, as that term has heretofore been defined, but I am inclined to think that the proceeding of certiorari might be held to be embraced in the words " suit " and " action," as used in the section of the statute in question, without doing violence to the intention of the legislature, and should so hold, were it not for the case of *Overseers, etc., of Clayton* v. *Beedle, supra*. That case has been cited approvingly and does not appear to have been questioned, although made more than twenty-five years ago. I think it is my duty to follow it, leaving the point to be reviewed by the general term. A decision of the appellate court on the question seems to be desirable.

The motion is denied.

E. DARWIN SMITH, J. We concur in the foregoing opinion, on the ground that the writ of certiorari is a special proceeding and not an action. It was held to be a special proceeding, for the purpose of costs, under section 318 of the Code, in *Haviland* v. *White*, 7 How. 157; *People* v. *Flake*, 14 id. 530, and *People* v. *Commissioners of Highways*, 27 id. 158.

The order of the special term should be affirmed, with costs.

*Order affirmed.*