# SUPREME COURT.

## FRANCIS BUZARD vs. GEORGE GROSS.

Where a motion is made by the defendant for a new trial, upon a case made after judgment entered, which was denied with costs to be paid by the defendant, (in November, 1848.) And on a motion by plaintiff for an attachment for the non-payment of such costs, held, that under the 2d section of the act, chap. 390, Laws of 1847, 491, the defendant could not be imprisoned. That process in the nature of a *fi. fa.*, as directed by said act, was the proper remedy.

*Erie Special Term, December,* 1848. This suit was commenced in the late Court of Common Pleas of Erie County, against the defendant for mal-practice as a physician and surgeon. The action was tried in the Common Pleas and a verdict rendered for plaintiff of $1000, upon which judgment was perfected in the Common Pleas, a case was made before the 1st July, 1847, and after that date a motion made thereon for a new trial in the Supreme Court, which motion was denied in November, 1848, with costs to be paid by the defendant. The costs of the plaintiff on the motion for a new trial were duly taxed on the 5th day of December, 1848, at $32.12.

A motion is now made that the defendant pay those costs or be attached, or for such other relief as the court may grant, &c.

P. HOFFMAN, *for plaintiff.*

W. W. PEACOCK, *for defendant.*

WELLES, Justice.—By the 2d section of the act, ch. 390, Laws of 1847, p. 491, it is provided that no person shall be imprisoned for the non-payment of interlocutory costs, or for contempt of court in not paying costs, except attorneys, solicitors and counsellors and officers of court, when ordered to pay costs for misconduct as such, and witnesses when ordered to pay costs on attachment for non-attendance.

The second section of the act supplies the remedy by process in the nature of a *fieri facias* against personal property, for the collection of costs, in the cases where the remedy by attachment had been taken away by the second section.

The section recited forbids imprisonment for the non-payment of "interlocutory costs," *or for contempt of court in not paying costs*, except in certain specified cases of which this is not one.

I do not think the present is a case of interlocutory costs. If judgment had not been perfected before the motion for a new trial these costs would have gone in with the general costs of the plaintiff, and formed a part of his judgment in the cause—and inasmuch as the order denying the new trial directs them to be paid by the defendant, his refusal to pay them would be contempt of court, for which under the former law and practice he would be liable to attachment. (3 Hill, 452.)

This statute, however, goes farther, and abolishes imprisonment not only for interlocutory costs, but "*for contempt of court in not paying costs.*" This provision is general in its items, and I think embraces this case. An order may therefore be entered requiring the defendant to pay this bill on being served with the rule of the court directing its payment, and with the taxed bill, accompanied with a demand of payment, or that process issue in the nature of a *fi. fa.* for their collection.