## NEW YORK COMMON PLEAS.

### DAVID L. GARDINER agt. JULIA E. TYLER.

Where an application is made by a party in an action to *change his attorney*, and the court order a reference to ascertain the amount due to the attorney from his client for professional services, and upon the coming in of the referee's report fixing such amount, the moving party *withdraws his application*, the court has no power summarily to order such amount paid by the party to the attorney.

Although good faith would seem to require that the party, after resorting to the aid of the court for a change of his attorney, should pay the amount reported due the attorney, the court can only regard it as a *debt* for professional services liquidated by the referee, under the order of the court, leaving the attorney, upon withdrawal of the application, to collect the amount of such indebtedness by action, or to take such other proceeding as he shall be advised.

*Special Term, December,* 1867.

PLAINTIFF applied to the court for an order changing his attorney. Notice of the application was given to *his attorney*. The judge before whom the motion was heard referred it to a person by him nominated, to determine and report the amount due to the said attorney from plaintiff, for costs and disbursements and counsel fees in this action, and also in *another action* in favor of the plaintiff against said Julia E. Tyler, pending in this court; and that on the coming in and confirmation of the said report, and *upon payment by the plaintiff of such amount* as might be found to be due to his said attorney for costs, disbursements and counsel fees in this action and in the other action of *Gardiner* agt. *Tyler* aforesaid, the said person so proposed be substituted as attorney for the plaintiff in this action and in the other action of *Gardiner* agt. *Tyler*.

The reference took place in pursuance of the order, plaintiff appearing by counsel, and the attorney in person. The attorney submitted his bill for services, charges and disbursements, and witnesses were examined. The referee *reported* that, after hearing the proof and allegations of the parties, he found that there was due from the plaintiff to his said

attorney the sum of $562 50-100, for costs and disbursements *in this* action, *and in the other action* of *Gardiner* agt. *Tyler* the sum of $150 50-100. The report cf the referee was on motion of the attorney subsequently confirmed.

The attorney then tendered to the plaintiff consents for substitution in both cases, and demanded the amount reported by the referee as due him, which was refused; the person representing plaintiff stating *that the application for a substitution was abandoned.*

The attorney now moves for an order, that the plaintiff *absolutely* pay to him, as attorney for the plaintiff, *within five days,* the amount reported by the referee to be due him.

WILLIAM WATSON, *attorney and counsel, for motion.*
A. R. DYETT, *counsel for Gardiner, opposed.*

VAN VORST, J. The plaintiff desired to change his attorney. He invoked the aid of the court for the accomplishment of this result. As was just to both attorney and client, a reference was ordered to ascertain the amount due to the attorney for his services, upon the payment of which the substitution was to be made. After subjecting the attorney to the annoyance and trouble of a reference, and the loss of time and professional service to others, incident to his attendance on the trial before the referee, and after prosecuting the proceeding until a report was made, plaintiff then abandons his application for a change of attorney, and refuses to pay the amount reported due. Unless the court had believed that plaintiff's original application was made in good faith, and with the design of being carried out, it would not have aided him to a reference. An attorney is an officer of the court and is entitled to its protection, and a court will not willingly make an' order the effect of which will be unnecessarily to harass or vex him in his business. A client has a right to change his attorney, and the court will aid him to do so in all cases in a way to protect the interests of both.

Gardiner agt. Tyler.

It will assist him to ascertain in a *summary way* the amount of the attorney's bill and lien. The client having put this proceeding in motion, which is special in its character, should feel himself under an obligation to carry it out. But I do not see that there is any power in the court to compel it to be done, upon the refusal of the client, and the withdrawal of his application for a substitution. The court can oblige the party to pay the costs of the proceeding, as it does other litigants who unnecessarily invoke its aid. Plaintiff has paid the fees on the reference, and has been ordered to pay the costs on the motion for the confirmation of the report. I do not see how any order can be made, or, if made, how it could be enforced, compelling the client to pay the amount reported due to the attorney. The referee's report is confirmed, and the value of the attorney's services is fixed and determined by it. But it is not a judgment to be enforced by execution. If it was, this motion would be unnecessary. This report would, in any action to be brought by the attorney against his client for his services, doubtless fix the amount to be recovered; and the report and confirmation of it might be made the foundation of an action in favor of the attorney against the client. If an order could be made, such as is asked for, it should be made, not in any special proceeding between attorney and client, but in this action, in which all papers on the various motions, including the present application, are entitled, and it would embrace for services in *another action* between one of the parties to it and his attorney.

A refusal to pay the amount ordered would not render the plaintiff liable to the process of attachment or imprisonment. The amount *due* the attorney *is for professional services, and is a debt only.* There is no provision of law which would justify the issuing of an execution upon any such order. Executions are issued to enforce judgments and to collect costs, on motions. (*Code, § 283; Laws of* 1840, *p.* 333, § 15; *Laws of* 1847, *p.* 491, § 2.) An order such as is asked

for in this proceeding would not be a judgment within the meaning of that word, nor would it be an order for the payment of costs.

I have been referred by the attorney to the case of *Buzzard* agt. *Gross* (4 *How. Pr. R.* 23) as an authority which would justify an order such as he asks for, and its enforcement by execution. But there is nothing in that case which favors this application. The order directed to be made in that case was for the payment of the costs, upon the denial of a motion for a new trial. These costs had not gone into the judgment with the general costs. An order was directed to be made that the unsuccessful party should pay the costs, and, if not paid on demand, an execution should issue for their payment.

The application before this court has no relation to the payment of costs between the parties to a suit. The attorney is not seeking to recover *costs* of his client, the amount of which has been fixed and determined by the court *as such*, but he seeks to collect his claim for professional services. It is a simple debt or demand, the amount of which was liquidated by the referee as the basis of an order for a substitution of attorney, which has not been carried out.

Motion denied, but without costs.

[An appeal was taken to the general term of this court from the order directed at special term, and the same was affirmed.]

---

## SUPREME COURT.

Ira A. Thurber, respondent agt. John T. Jenkins and Justus Corbin, appellants.

Where the plaintiff sold out his interest in a co-partnership firm to other members of the firm, constituting a new firm, and took a bond of indemnity from one of the