## Given v. Driggs.

AFTER a new trial had been ordered in this cause, the plaintiff, on the 30th of *June*, 1804, personally served the defendant with a written notice of it, requiring him to appoint a new attorney, as his former one had been promoted to the bench, and that in default of so doing, all subsequent notices would

be served by affixing the same in the office of the clerk of the court. The defendant not having nominated any new attorney, the plaintiff gave notice of trial in the manner above mentioned, and, at the last *Albany* circuit, took an inquest by default, upon which judgment had been entered and execution sued out.

Williams, on the above facts, now moved to set them aside, contending that the notice to appoint a new attorney, ought to have been by a rule of court ordering it to be done.

*Per Curiam.* In the case of *Bennet* ads. *Vielie, July* term, 1802, it was decided, that the party must be warned or he is not bound to take notice of the proceedings, and in *Harvey* ads. *Hildrith, January* term, 1803, we ruled that the defendant must have personal notice, or such as the court would deem tantamount. Our statute, like that of *Hen.* IV. requires a warning, and the personal service here, was a sufficient one, without any rule of court. The defendant was grossly in default, as nine months elapsed before the plaintiff went on. We think 30 days a sufficient and reasonable notice in these cases. You can, therefore, take nothing by your motion.