ALBANY,
August, 1811.

CLEMENT
v.
CROSSMAN.

KENT, Ch. J. THOMPSON, J. SPENCER, J. and YATES, J. were also of the same opinion.

Judgment for the defendants.

—⁕⊕⁕—

## CLEMENT *against* CROSSMAN.

IN *error*, from the court of common pleas of *Genessee* county. A judgment was obtained by *Crossman*, the defendant in error, against *Clement*, in the court below, in *June*, 1808, on which a writ of error was brought, and a judgment of reversal by default, for not joining in error, was obtained in this court, in *August* term, 1810.

A motion was now made, in behalf of the defendant in error, to set aside the judgment of reversal, which was submitted to the court, on affidavits.

The attorney of the defendant in error swore, that he was attorney for the plaintiff in the court below, and prosecuted the suit for him to judgment; that he is not an attorney of this court; and never received any notice of the writ of error being brought, nor any notice of a rule to join in error. The defendant in error also swore, that he never received any notice of a writ of error brought

Where a writ of error is brought on a judgment in a court of common pleas, and no attorney is employed by the defendant in error, in this court, the service of the assignment of errors, and notice of rule to join in error, must be served on him, personally, either by delivering the same to him, or leaving them at his dwelling-house, or in such other mode, as the court might specially direct, under the circumstances of the case.

A service of the notice, by affixing it up in the clerk's office, is not sufficient.

Though a party had not a regular notice in writing of a writ of error being brought, or of a judgment of reversal; yet if he was informed and sufficiently apprized of the pendency of the writ of error, to have pleaded in time, and of the judgment of reversal, by default, in season, to have moved the court, at a former term, to set it aside, it is a *laches*, and the judgment will not be set aside, after a term has so intervened.

on the said judgment, nor any notice of a rule to join in error in this cause; that he had lately been informed of the judgment of reversal obtained in this court, but not in time to make an application to set it aside before the present term.

The plaintiff in error made affidavit, that he informed the defendant in error, several days before the last *November* term, that the judgment had been reversed; and the defendant in error had notice, more than a year before, that a writ of error had been brought in the cause. That no attorney having been employed by the defendant in error in this court, the copy of the assignment of errors, and notice of rule to join in error, were served, by fixing them up, in a conspicuous place, in the office of the clerk of this court, at *Utica*. That there being no joinder in error, a default was entered, and afterwards, the rule for judgment of reversal was entered the 15th of *August*, 1810; that the writ of error was sued out in *November*, 1809, and the attorney of the defendant in error, in the court below, had notice that such writ of error was brought, and endeavoured to dissuade the plaintiff in error from prosecuting it.

*Per Curiam.* As no attorney was employed on the part of the defendant, the rule to join in error ought to have been personally served on the defendant, either by delivery to him, or by leaving it at his dwelling-house, or by some other mode of service which the court might specially direct, under the circumstances of the case. This was the practice adopted in *Hardenbergh* v. *Thompson*, (1 *Johns. Rep.* 61.) which was on a *certiorari*, and the reason of it applies equally to this case, as the party ought not to lose a right acquired by his judgment below, until he has had a reasonable opportunity to be heard. But the principal point here is, whether the defendant is not too late in his application, and whether he

has not waived his right by his *laches.* He says he did
not hear of the reversal in time to make application be-
fore last term, and that he never received any notice of
error being brought; and his attorney below says the same
thing. These affidavits are rather loose and equivocal.
What the defendant and his attorney mean by notice in
this case, is not certain. If they mean a direct regular
notice in writing, that may not have been given, and yet
they may have been sufficiently apprized in season of
the pendency of the writ of error to have enabled the
defendant to have pleaded, and such, it is very probable,
was the fact; for the plaintiff swears, that the attorney
below had notice from him, as early as *November,* 1809,
of the writ of error brought, and that the defendant had
notice as early as *March,* 1810. The plaintiff also
swears, that before the last *November* term, he gave the
defendant notice of the reversal of the judgment, and
had a particular conversation with him upon the subject;
and a third person also swears, that in *November* last
the defendant admitted to him his knowledge of the re-
versal of the judgment.

Here was then a *laches,* in not making application at
the last *February* term, and it is one to which the defend-
ant ought to be held.