Ex parte S. STEWART and another *vs.* NEW-YORK C. P.

A party not an attorney, conducting a suit or defence *in person*, is not entitled to costs.

Where, however, an order to shew cause is in fact obtained by an attorney and served, costs are recoverable, although the name of the attorney does not appear in the proceedings.

THE relators commenced a suit by the filing and service of a declaration against one Farmer, took judgment by default, and issued an execution. Farmer, on an affidavit that the first notice he had of the suit was the service of an execution, obtained an order from the first judge of the C. P. for the plaintiffs to shew cause why the proceedings subsequent to the filing of the declaration should not be set aside ; and on the day of shewing cause, the judge being satisfied that a mistake had happened in the service of the declaration, made a final order setting aside the proceedings and directing the relators *to pay the costs of the application.* The relators insisted, previous to the making of the order, that if the proceedings must be set aside, the defendant was not entitled to costs, inasmuch as no *appearance by attorney* had been entered, nor had notice of retainer been served, and that the application must therefore be considered a proceeding *in person,* and *not by attorney ;* and if so, the defendant was not entitled to costs. The judge decided that it being a fact known to him personally that application for the original order was made *by an attorney* of this court, who also appeared on the day of shewing cause, and as a notice of retainer was not necessary, but merely the service of the order, he should consider the defendant as appearing by attorney, and accordingly allowed him costs. A mandamus was now asked for, directing the C. P. to vacate so much of the final order as gives costs to the defendant.

ALBANY,
Dec. 1833.

The People
v.
Onondaga
C. P.

*D. Graham, jun.*, for relators.

*W. Mulock*, contra.

*By the Court*, SUTHERLAND, J.   The principal question pre-sented is whether a *party* conducting a suit or defence in the courts of this state *in person*, not being an attorney of the court, is entitled to recover costs.   The fee-bill seems to make pro-vision only for the services enumerated therein when rendered *by the officers of the court*, 2 *R. S.* 622.   The fees are given to the officers by name, and not to parties prosecuting or defend-ing suits ; and I am therefore of opinion that a party not an at-torney, conducting a suit or defence *in person*, is not entitled to costs.   But I concur with the first judge of the New-York common pleas, that in this case there was an appearance by attorney.   A notice of retainer was not necessary; all that it was incumbent upon the defendant to do was to serve the or-der, and the judge knowing the fact that the services were rendered by an attorney, an officer of his court, correctly awarded the costs to be paid by the relators.

Motion denied.