## JEWELL *vs.* SCHOUTEN.

Where the attorney for the plaintiff in error removed from the State, and notice had been given to the party to appoint another attorney pursuant to the statute (2 *R. S.* 287, § 67.) *held* nevertheless, that a motion to quash the writ of error could not be made, without notice thereof to the plaintiff in error.

——————————— for defendant in error moved exparte to dismiss the writ of error in this cause. It appeared from the affidavits on which the motion was made, that in the summer of 1846, the attorney for the plaintiff in error, removed out of the State to reside; that in October of that year, a notice was served upon the plaintiff in error to appoint another attorney, and that none had been appointed. 2 *R. S.* 287, § 67, *and The Chautaque County Bank* vs. *Risley*, 6 *Hill* 375, were cited.

THE COURT held that notice of the motion should have been given to the plaintiff in error, and, therefore, that the motion should be denied without prejudice.

Ordered accordingly.