# SUPERIOR COURT.

## TRUST agt. REPOOR.

A client has a right to change his *attorney* at his own volition, whatever may be his motives; whether a mere caprice or a substantial reason. The relation requires the most unlimited confidence and perfect harmony. The attorney has no claim upon papers placed in his hands, except the lien upon them to secure costs and fees; and even this lien will be, under certain circumstances, so modified as to compel him to produce such documents upon an emergency pressing for their use.

This was an order on the plaintiff's attorney to show cause why he should not deliver up to the plaintiff all the papers and documents in his hands, or obtained by him as attorney for the plaintiff. *It seems*, the action was for *crim. con.* (cases in which occasionally it appears an attorney has quite an extensive practice;) and the plaintiff charged that the attorney had received from the wife of the plaintiff a number of letters written by the defendant, which proved the truth of the allegations of the complaint, viz: intercourse with the plaintiff's wife; that the attorney told him that they were sufficient to insure a recovery; that he often refused to permit the plaintiff to peruse such letters; and charged that the attorney had delivered those letters to defendant. These allegations were positively denied by the attorney. The affidavits were conflicting. An order for a written consent for a substitution to be given by the attorney, was granted, on his being paid $30 costs; and to surrender to the new attorney all the papers in the action under his control.

Trust agt. Repoor.

*Special Term, December,* 1856.

AN order was served on the plaintiff's attorney to show cause why he should not deliver up to the plaintiff all the papers and documents in his hands, or obtained by him as attorney for the plaintiff, as also the papers in the action, and why he should not deliver up to the plaintiff a consent for substitution of another attorney as the plaintiff may nominate.

MR. FOGARTY, *for the motion.*
MR. BULKLEY, *in person.*

His Honor Justice HOFFMAN, delivered an opinion in substance as follows:—That a client has a right to change his attorney at his own volition whatever may be his motives; whether a mere caprice or a substantial reason. The relation requires the most unlimited confidence and perfect harmony. The attorney has no claim upon papers placed in his hands, except the lien upon them to secure costs and fees—and even this lien will be, under certain circumstances, so modified as to compel him to produce such documents upon an emergency pressing for their use. That prior to the Code, an attorney, even when acting as counsel, had no lien upon papers except for such costs as were then taxable under the fee bill. If there had been no agreement to pay a fixed sum, or to be ascertained in a manner defined between the parties, it might be different; the case of *Merritt* agt. *Lambert,* (10 *Paige,* 357,) warrants this conclusion. But the Code makes the question a new and a different one. The Code gives a certain sum to the prevailing party by way of indemnity. The measure of compensation to an attorney or counsel, is left to agreement, express or implied.

But the plaintiff in his affidavit, brings a charge against the attorney, that he received from the wife of the plaintiff a number of letters, written by the defendant, which prove the truth of the allegations of the complaint, viz : intercourse with the plaintiff's wife ; that Bulkley told him that they were sufficient to ensure a recovery ; that he often refused to permit the

plaintiff to peruse such letters.   In a subsequent affidavit he says: that he is informed and believes, that Bulkley has delivered up those letters to the defendant.

The affidavit of Mr. Bulkley is positive and decided, that he never had any letters which proved the truth of the allegations; that he never had a letter signed by the defendant, and never received any letter purporting to be written by the defendant.

Andreas Trust swears that he went with his mother to Bulkley's office, and then demanded her letters, on which occasion he said that he had delivered them up to a third party, but would not disclose to whom; that his oath prevented his telling the name of the person to whom he had given them.   Mr. Bulkley's further affidavit contradicts that of Andreas Trust, and contains a copy of a receipt from Mrs. Trust, of all the letters and papers delivered by her to him.

A written consent for a substitution must be given by Mr. Bulkley, and that upon his being paid $30 as a fee, he surrender to the plaintiff, or to any new attorney, all the letters and papers under his control, relating to the action.