## HAZLETT *a.* GILL.

*New York Superior Court; Special Term, October,* 1865.

### ARREST.—MOTION TO VACATE.

Under subdivision 4 of section 179 of the Code of Procedure (as amended in 1863), the defendant in an action to recover damages for false and fraudulent representations respecting the pecuniary responsibility of third persons, is liable to arrest upon proof of the cause of action, merely, without proof of his non-residence or intent to depart.

Motion to vacate order of arrest.

This action was brought by James Hazlett and another against James Gill, to recover damages for an alleged false and fraudulent representation, made by the defendant, respecting the pecuniary responsibility of the firm of Gill & Co. The defendant was not a member of the firm.

Upon affidavits alleging the making of the false representations, and that the defendant was about to leave the State, an order of arrest was granted by one of the justices of this court, and the defendant was arrested and held to bail.

A motion was made to vacate the order of arrest on affidavits denying that the defendant was about, or had any intention to leave the State, or to put himself beyond the reach of the process of the court.

*A. R. Dyett,* for the motion.

*James M. Smith,* opposed.

MONELL, J.—The sole ground relied upon in support of this motion is, that the alleged design of the defendant, to depart from the State, is sufficiently negatived by the moving affidavits. There is no denial of the fraud complained of, but merely a denial of any intention to leave the State.

The defendant's counsel supposed that the order of arrest

had been granted under the first subdivision of section 179 of the Code.

Under that subdivision, in actions for the recovery of damages, on a cause of action not arising out of contract, it must appear that the defendant is not a resident of the State, or is about to depart therefrom.

In a case similar to this, decided in this court in 1859 (Smith *a.* Corbierre, 3 *Bosw.*, 634), it was held that the order could not be granted unless one or other of these facts appeared. When that case was decided, a defendant could not be arrested for a fraud, except under the first subdivision of the 179th section; and then only upon proof of the non-residence or intended departure of the defendant from the State.

The Legislature in 1863 amended the 179th section, by adding to the 4th subdivision the words: "Or, when the action is brought to recover damages for fraud or deceit."

This amendment virtually repealed that part of the first subdivision relating to causes of action not arising out of contract, and designates a class of actions wherein a defendant may be arrested irrespective of his residence, or of an intention to leave the State.

In this case, the fraud complained of is the very gist of the action. The plaintiffs cannot recover, except upon establishing the falsity of the representations alleged to have been made; and the recovery must be damages for the fraud.

The plaintiff's action, therefore, is one of those designated in the amendment; for a false representation concerning the credit of another, by which a person is induced to part with his property, is a gross fraud and deceit.

It is now no longer necessary, in this class of actions, to aver that the defendant is a non-resident, or is about to depart from the State. Upon proof merely of the fraud, the defendant may be arrested in the action.

The motion must be denied, with $10 costs to abide the event; with leave, however, to renew the motion on affidavits disproving the fraud.