## N. Y. SUPERIOR COURT.

### THOMAS EGAN agt. JAMES ROONEY.

On the *entry of judgment*, the authority of the *attorney* for the defendant ceases, and he is at liberty to employ another attorney in the action without an order of substitution.

If it is desired to obtain possession of papers in the action in the hands of the former attorney, an independent proceeding against him is necessary.

Judgment will be opened, and the defendant let in to defend, &c. on terms, where he shows an excusable neglect.

*Special Term, October* 1869.

MOTION for substitution of attorney for defendant, and to open the judgment in this action &c.

A. H. REAVEY, *for the motion.*
GEO. DOUGLASS, & Mr. KENT, *opposed.*

JONES J. The authority of Mr. Philip, in this action as attorney for the defendant ceased on the entry of the judgment; and therefore defendant was at liberty to employ any other attorney to take such action in relation to the judgment and cause as he desired, without any order of substitution. The motion for substitution is therefore unneccessary, and for that reason is denied. If it is designed to obtain possession of papers now in Mr. Phillips hands, that must be done by an indepennant proceeding against him.

From the papers used on the motion, I think defendant derived the impression from his conversation with plaintiff's friends that this action so far as the action itself was concerned was abandoned and that there was no neccessity for further attention to it. The defualt then was taken through the excusable neglect of the defendant.

Egan agt. Rooney.

Defendant must be let in to answer on payment of $10 costs of opposing this motion, the disbursments included in the judgment roll, and the sheriff's fees and expenses. The judgment and levy if any to stand as security. The defendant to consent to a reference to a referee to be named by the court if the plaintiff deserves it. Answer to be put in in ten days. If there is a levy, and defendant desires to have it removed, he may do so by bringing the amount of plaintifi's claim and $100 into court, to the credit of this action to abide the event thereof, the same to be applied on motion of plafntiff on notice to defendant to the payment of any judgment the plaintiff may recover herein, and the surplus to be repaid to the defendant.