ANNA W. DOWD, EXTRX., ETC. *v.* W. W. TROUP.

PARTNERSHIP. *Dissolution by death. Lawyers' fees.*
  Unless the surviving partner of a firm of lawyers makes a new contract, he cannot claim additional compensation from a client for conducting to a conclusion the defence of a chancery suit, which the firm began before the death of the other partner, and for which it was paid the entire fee agreed upon.

ERROR to the Circuit Court of Monroe County.
Hon. J. A. GREEN, Judge.

The law firm of Sale & Dowd contracted with the defendant in error, in consideration of two thousand dollars paid, to defend a suit against him until its termination in the Chancery Court. Pending the suit, Sale died, but Dowd conducted it to a successful conclusion. The latter's executrix sued for additional compensation, alleging a new contract, which the defendant denied. The evidence was that Dowd, after Sale's death, informed Troup that he might employ other counsel, and Troup replied by expressing his confidence in Dowd's ability to successfully conduct the defence.

*Baxter McFarland*, for the plaintiff in error.

The surviving partner of a mercantile firm is bound to conclude its unfinished undertakings, but with law firms the case is different. Contracts for the exercise of professional skill are personal, and are dissolved, like the firm itself, by either partner's death. *McGill* v. *McGill*, 2 Met. (Ky.) 258. Skill is not susceptible of delivery, but dies with the lawyer, thus, *ex necessitate*, putting an end to the contract. The survivor is entitled to compensation for the services. rendered up to the dissolution. *Smith* v. *Hill*, 13 Ark. 173. But he is not bound to continue in a case without a new contract. No lawyer's estate can be held for his surviving partner's want of skill in managing cases pending in the firm's hands at his death. 2 Williams on Executors, 1467; Story Part. §§ 319, 319 *a*, 343. Such contracts are dissolved by death, like those of authors to write books. 1 Parsons on Contracts, 111. Under the circumstances of this case, Troup, therefore, became liable to Dowd for the services rendered after Sale's death.

*Murphy, Sykes & Bristow*, for the defendant in error.

No dissolution of partnership can affect third persons' rights arising from dealings with the firm. Parsons Part. 394; Story Part. § 334. Legal firms are no exception. *Warner* v. *Griswold*, 8 Wend. 665. But a partner is bound by his copartner's contracts within the scope of the firm business. *Livingston* v. *Cox*, 6 Penn. St. 360; *Lansing* v. *M'Killup*, 7 Cowen, 416; *McFarland* v. *Crary*, 8 Cowen, 253. The only distinction as to lawyers is, that the client employing a professional firm has a right to the services of all its members, and cannot, against his consent, be required to rely upon the skill of only one. *Cholmondeley* v. *Clinton*, 19 Ves. 261; *Cook* v. *Rhodes*, 19 Ves. 273, note; *McGill* v. *McGill*, 2 Met. (Ky.) 258. But if the survivor, with the client's consent, continues in the case on the original retainer, the dissolution by death, after the fee has been paid, can make no difference. The client, on the death of a partner, may dissolve the contract. *Smith* v. *Hill*, 13 Ark. 173. The surviving lawyer has no such right, but is bound to carry out his contract, especially where he has been paid. Troup, by electing to keep Dowd in the case, showed that the intent of the contract was not to secure Sale's

services. *Shultz* v. *Johnson*, 5 B. Mon. 497. If it be true that Sale's death terminated the contract, Troup should recover from Dowd all the fee advanced, except the part earned by the services of the firm. Troup did not become liable to Dowd on a *quantum meruit*, because of the special contract. *Bull* v. *St. Johns*, 39 Ga. 78. Nothing was ever said between them as to a new retainer.

CAMPBELL, J., delivered the opinion of the court.

As Troup was willing that Dowd, the survivor of the law firm of Sale & Dowd, whom he had employed and paid to conduct his defence through the litigation in the Chancery Court, should fulfil the obligation of Sale & Dowd, it was not allowable for Dowd, who was but discharging his own obligation as a member of the partnership of Sale & Dowd, to claim of Troup any more, for services he rendered after the dissolution of the partnership by the death of Sale, than Sale & Dowd could have claimed if they had rendered all the services. The death of Sale entitled Troup to settle with Sale & Dowd for services rendered, and to employ other counsel; but if Troup was willing that Dowd should stand in the place of Sale & Dowd, and go on with the case as if Sale had not died, Dowd had no claim on Troup for additional compensation, unless there was a new contract between them, by the terms of which he was to have such compensation. Weeks on Attorneys, § 191. There is no satisfactory evidence of a new contract between Dowd and Troup, by which Dowd was entitled to demand any thing of him.

*Judgment affirmed.*