## N. Y. MARINE COURT.

### OWEN PRENTISS agt. MORTIMER LIVINGSTON *et al.*

*Substitution of attorneys — when and on what terms ordered — Extent of attorney's lien.*

The attorney has a lien upon the papers in the suit, which cannot be divested without payment, but he has no lien upon the client, and cannot prevent him from employing another attorney to represent him.

Where motion was made by defendants for substitution of a new attorney: *Held*, that the motion should be granted ; but if the defendants desire the papers in the possession of their attorney they must first discharge his lien. If this relief is not insisted upon the order for substitution must provide that the taxable costs in the action to the present time (if collected upon a favorable termination of the action) be paid to the present attorney of the defendants, to whom they equitably belong.

*Special Term, February*, 1881.

MOTION for substitution of new attorney for defendants.

*R. W. Townsend*, for motion.

*John Livingston*, opposed.

Prentiss agt. Livingston *et al.*

McADAM, *J.*—The defendants desire to change their attorney; this they have an undoubted right to do. Any employer may remove his employe at any time, and the only redress the latter has is his remedy for wrongful discharge. It is necessary for me to consider only the legal questions which arise upon this motion, and I do not propose to enter into a discussion of the family differences between the defendants and their attorney. With these unpleasantries I have nothing, whatever, to do. The attorney has a lien upon the papers which cannot be divested without payment, but he has no lien upon the client, and cannot prevent him from employing another attorney to represent him, for, as was said by Lord ELDEN, in *Commerell* agt. *Poynton* (1 *Swanst.*, 1), " a solicitor cannot by virtue of his lien prevent the king's subjects from obtaining justice." The motion for a substitution will, therefore, be granted. If the defendants desire the papers in the possession of their attorney they must first discharge his lien, and a reference will be ordered to ascertain and fix its amount. If this relief is not insisted upon the order for substitution must provide that the taxable costs in the action to the present time (if collected upon a favorable termination of the action) be paid to the present attorney of the defendants, to whom they equitably belong (*See re Paschall,* 10 *Wall, U. S. R.*, 483). Settle order on two days' notice.