### WILKINSON *v.* TILDEN.

*(Circuit Court, S. D. New York.   January 1, 1883.)*

**1. ATTORNEY AND CLIENT—SUBSTITUTION OF ATTORNEYS.**

It is the right of every client to change his attorney at his volition by substituting a new attorney of record. The right must be exercised, however, by application to the courts, which will hold the client to fair dealing with its officers, and may, in its discretion, require the client to discharge the attorney's claim for services in the suit as a condition of substitution.

**2. SAME—CONTINGENT FEES.**

A solicitor cannot require payment in advance of the substitution of another as a condition precedent, when by agreement he was to receive nothing unless the suit resulted favorably, and before there has been any recovery.

**3. SAME—COSTS AND DISBURSEMENTS.**

But where a solicitor had agreed with his client to conduct a suit for a contingent fee, and the client reserved the right to employ another attorney at any time in his stead, and the first solicitor had advanced certain funds and disbursements in the conduct of the suit, it was *held* that these disbursements should be paid back to the solicitor before a substitution, and that the order of substitution should contain a condition to protect the solicitor as for a lien for his services in the event of ultimate recovery by the client in the suit.

*Barlow & Olney,* for motion.

*Roger M. Sherman,* against.

WALLACE, C. J. The motion for the substitution of a solicitor in the place of the present solicitor of the complainant does not touch the question of the right of the present solicitor to retain such papers as may be in his hands until the payment of his lien by the complainant. The complainant simply attempts to exercise his right of changing his solicitor at his volition by substituting a new solicitor of record. His motion is resisted by the solicitor upon the ground, that he cannot be discharged from the further conduct of the suit until he is paid such sum by way of compensation as is due by reason of the agreement of retainer and the value of his professional services.

Disregarding the preliminary negotiations between the complainant and the solicitor, the agreement which embodies the final understanding of the parties is to be found in a letter from the complainant to the solicitor, of March 8, 1881, a reply thereto by the solicitor, of the date of March 14, 1881, and a subsequent letter of the date of June 8, 1881, written by the solicitor to the complainant, recognizing and assenting to the proposition contained in complainant's letter of March 8th. The agreement thus suggested and assented to, was that the solicitor should undertake the suit without other compensation than a fee contingent upon a successful result, and distinctly and explicitly reserved to the complainant the liberty to substitute another solicitor, or to associate other counsel with the solicitor, as fully as though the solicitor were employed under an ordinary retainer.

The motion therefore presents the single and simple question, whether a solicitor can require payment in advance of the substitution of another, as a condition precedent, when he is to receive nothing unless the suit results favorably, and before there has been any recovery, and when he is to have no special lien by reason of the particular agreement. The statement of the question seems to be

the only answer required. The general right of the client to change his attorney at his election is universally recognized by the authorities. This right is indispensable, in view of the delicate and confidential relations which exist between attorney and client, and the peril to the client's interests engendered by friction or distrust. The right must be exercised, however, by application to the court, in order to preserve regularity in the conduct of suits, and to prevent the confusion which might ensue if a party were at liberty to change his attorney without the knowledge of the court. *Mumford* v. *Murray*, 1 Hopk. Ch. 426.

When its intervention is asked for the substitution of an attorney, the court will hold the client to fair dealing, and will refuse its assistance to any attempt to take an unfair advantage of one of its officers. In this behalf courts have frequently and usually required the client to discharge the attorney's claim for services in the suit as a condition of substitution. But this is merely the exercise of a reasonable discretion, not the application of an inflexible rule. As is said in *Sloo* v. *Law*, 4 Blatchf. 269, "the consent is sometimes given upon terms, and sometimes without terms; sometimes upon condition that the fees of the first solicitor be paid, and sometimes without such condition."

The just discretion which should control this application will be exercised by permitting a substitution upon the terms agreed to in advance by the solicitor and client, thus enforcing the conditions made by themselves. Ordinarily, when there is an agreement that the attorney shall get his fees out of the fund in suit, there is an implied condition that he is to be continued in charge until an available fund is realized. *Hallings* v. *Booth*, 2 Fost. & F. 220. But here the agreement was that the client might substitute a new attorney at will. Whether the attorney will ever be entitled to any fee cannot now be known, because his compensation depends upon the result of the suit. If nothing should be realized he will not be entitled to any fee. If there is a fund realized he will be entitled to that measure of compensation for what he has already done, which is to be found in the value of his services, and the peculiar circumstances that properly tend to increase the ordinary scale of charges for professional services.

By the Code of Civil Procedure of this state the attorney has a lien for his compensation upon the cause of action which attaches to any decision or judgment in his client's favor. Section 66. Whether this statute has any application here, it is not necessary to decide.

If this were an action at law, it might well be contended that under section 914, Rev. St., conforming the practice in the federal and state courts, the same lien should attach in an action in this court; or it may be that it is to be deemed a statute of general scope, not confined to procedure in the courts of the state, which, as the law of the state where the contract was to be performed, is the law which controls the obligations of the parties to the agreement. However this may be, in view of some of the exceptional features of the case, it is equitable that provision in the nature of such a lien should be secured to the solicitor here, so that he will be fully protected, not only if a decree is obtained, but also if any settlement is made between the parties.

The complainant is a non-resident. If there is a recovery in the suit, it will be attributed largely, if not mainly, to the services already rendered by the solicitor. It appears, also, that certain funds have been advanced by the solicitor, or by clients of his not parties to the record, but interested in the litigation, for the disbursements of the action, outside of the agreement between the solicitor and complainant. These should be reimbursed the solicitor now.

An order may be entered for the change of solicitors upon payment of the disbursements already made or incurred by the solicitor in the suit, which will be ascertained by a reference to a master, if not agreed upon. The order will also contain a condition to protect the solicitor as for a lien upon the cause of action to the extent of the compensation which he may ultimately be entitled to; to be ascertained by reference to a master, or by action at the election of the solicitor, if not agreed upon.

---

### Substitution of Attorneys.

RIGHT OF SUBSTITUTION. The relation between a client and his attorney may be terminated by the client at any time. It is at once obvious that unless entire harmony prevail between the client and his attorney, litigation cannot be successfully conducted. Complete control over the employment of the attorney is possessed by the client, whose will or even caprice has been said to be "absolute," so far as a continuance of his relations with his attorney are concerned. *Hazlett* v. *Gill*, 19 Abb. Pr. 353; *Trust* v. *Repoor*, 15 How. Pr. 570; *Wolf* v. *Trochelman*, 5 Robt. (N. Y.) 611; *In re Paschal*, 10 Wall. 483; *Ogden* v. *Devlin*, 45 N. Y. Super. Ct. 631; *Hunt's Estate*, 1 Tucker, (N. Y. Surr.) 55. The client may substitute a new attorney at will, even where before suit he executed a power irrevocable in terms, and coupled with an interest, on the faith of which his attorney in fact has employed counsel and made large ad-

vances. But all of the disbursements incurred by the attorney in fact and the attorneys of record must first be repaid, and the latter will have a lien to the amount of any contingent fees and costs that were agreed upon. *Carver* v. *U. S.* 7 Ct. Cl. 500; *Pleasants* v. *Kortrechts*, 5 Heisk. (Tenn.) 694.

Neglect of duty in failing to bring an action, or to prepare for the trial of one already pending, of course warrants a substitution, and where the attorney discharged was employed under a special contract, he cannot recover upon a *quantum meruit* for what services he actually performed; but he can recover money for abstracts and taxes paid on behalf of the client. *Walsh* v. *Shumway*, 65 Ill. 472. And if the attorney brings suit against his client, this is good reason for a substitution. *Arrington* v. *Sneed*, 18 Tex. 135.

Courts are strict about allowing the substitution of attorneys where the application is made by an attorney. It must be clearly shown that it is the client's wish to change. Thus it has been decided, upon an application to change the attorney, where the client is unacquainted with the English language, and very illiterate and ignorant in other respects, that the affidavits must clearly prove that the purpose and object of the motion are known and sanctioned by the client. *Davies* v. *Lowndes*, 3 C. B. 808.

CONSENT OF COURT. While it is generally true that a client may change his attorney at will, he must make the substitution in a proper mode. *First*, he must obtain the consent of the court to the substitution. "This restriction is necessary to preserve regularity in the conduct of suits, and to prevent the confusion and abuses which might ensue if a party were at liberty to change his solicitor without any control of the court. Without this restriction a solicitor might be deprived of his lien for costs, the proceedings might be delayed or entangled by repeated changes of solicitors, and the court could never know when a cause is legitimately before it by the true representatives of the parties." Per Chancellor SANFORD, Hopk. Ch. 369. To the same effect see *Jerome* v. *Boeram*, 1 Wend. 293; *Wolf* v. *Trochelman*, 5 Robt. (N. Y.) 611; *Ginders* v. *Moore*, 1 Barn. & C. 654; *Robinson* v. *McClellan*, 1 How. Pr. 89; *Hoffman* v. *Van Nostrand*, 14 Abb. 336; *Stevenson* v. *Stevenson*, 3 Edw. Ch. 340; *May* v. *Pike*, 4 Mees. & W. 197; *Stewart* v. *Common Pleas*, 10 Wend. 597; *Rex* v. *Middlesex*, 2 Dowl. Pr. 147; *McPherson* v. *Robinson*, 1 Doug. 217; *Perry* v. *Fisher*, 6 East, 549; *Margerem* v. *McIlwaine*, 2 N. R. 509; *Sloo* v. *Law*, 4 Blatchf. 268; *Board* v. *Broadhead*, 44 How. Pr. 426.

It has been decided that where an attorney has acted and been treated as such, another attorney cannot proceed with the action with an order of substitution, even though the former attorney's name was not upon the record. *May* v. *Pike*, 4 Mees. & W. 197. See, also, *Stewart* v. *Common Pleas*, 10 Wend. 597. So, also, it has been decided that a plea made by an attorney who enters a cause, without an order of substitution having been made, will be set aside. *Perry* v. *Fisher*, 6 East, 549; *Ginders* v. *Moore*, 1 Barn. & C. 654; *Margerem* v. *McIlwaine*, 2 N. R. 509. But if a new attorney, substituted without an order of court, is treated as an attorney in the cause by the opposite party, the latter cannot object afterwards that no order of substitution was made. *Farley* v. *Hebbes*, 3 Dowl. Pr. 538; *Fulton* v. *Brown*, 10 La. Ann. 530. Generally, if the party desiring to change his attorney does so without obtaining the consent of the court and an order of substitution, the opposite party

may still treat the first attorney as the acting attorney.  *Powell* v. *Richardson*, 1 W. Bl. 8; *McPherson* v. *Robinson*, 1 Doug. 217; *Grant* v. *White*, 6 Cal. 55.  And if its consent to a substitution has not been obtained, the court will disregard the acts of the second attorney.  *Jerome* v. *Boeram*, 1 Wend. 293.

The consent of the court to the substitution should be entered of record, and notice thereof given to the attorney of record, who may be compelled by the court to sign a written consent to the substitution.  *Trust* v. *Repoor*, 15 How. Pr. 570; *Robinson* v. *McClellan*, 1 How. Pr. 89.

TERMS OF CONSENT—ATTORNEY'S LIEN AND PAYMENT FOR FEES.  The matter of consent is largely governed by the discretion of the court, which may or may not impose conditions.  Consent will be given only upon terms that are just.  A court will protect its officers; and it may require payment of fees earned before allowing the substitution sought.  *Wolf* v. *Trochelman*, 5 Robert. 611; *Bolton* v. *Tate*, 1 Swanst. 84; *Hoffman* v. *Van Nostrand*, 14 Abb. Pr. 336, which decides that this rule applies even to a nominal party who undertakes to substitute a new attorney.

Whether payment of fees is required as a condition precedent to substitution, the attorney's lien for fees earned is not destroyed or affected by the change of attorneys.  *Newton* v. *Harland*, 4 Scott, N. R. 769; *Merriwether* v. *Meliish*, 13 Ves. 161; *Twort* v. *Dayrell*, 13 Ves. 295; *Hazlett* v. *Gill*, 19 Abb. Pr. 353.  Thus, where a board of supervisors by their vote discharged a firm of attorneys, it was decided that they must pay the firm's reasonable claims, which should be ascertained by a reference; and, further, it was held that the attorneys were not bound to consent to a substitution, or to deliver the papers upon which they had a lien, until their fees were ascertained and paid.  *Board* v. *Broadhead*, 44 How. Pr. 411.  And the fact that the attorney removed has other sufficient security for his costs is no reason for departing from the rule requiring costs to be paid before substitution.  *Witt* v. *Ames*, 11 W. Rep. 751. Further, the bringing of an attachment by the attorney against the client to compel him to pay fees is no ground for ordering the solicitor to be removed from the cause without payment of fees.  *Sloo* v. *Law*, 4 Blatchf. 268.

Payment of fees upon substitution cannot, however, be compelled by proceedings against the client for contempt.  *Gardner* v. *Tyler*, 5 Abb. Pr. (N. S.) 33; S. C. 36 How. Pr. 63; *Harley* v. *Collett*, 7 Dowl. Pr. 599.  If there is an order for changing upon payment of the first attorney's bill, upon taxation and delivery up of papers the first attorney is entitled to the possession and control of the order to enable him to enforce the payment of his bill.  *Alger* v. *Hefford*, 1 Taunt. 38; *Newton* v. *Harland*, 4 Scott, (N. S.) 769.  In *Stevenson* v. *Stevenson*, 3 Edw. Ch. 359, it is decided that a court will not make the payment of solicitors' costs a condition of the substitution, but will leave him to his remedy at law against the client, and preserve to him any lien he may have on papers or a fund in court.  In another case it is held that if the party desires papers in the possession of the attorney removed, they must first discharge his lien for fees, and that if the attorney does not insist upon this the order for substitution must provide that the taxable costs in the action, if collected on the termination of the action, be paid to the first attorney, to whom, it was said, they equitably belonged.  *Prentiss* v. *Livingston*, 60 How. Pr. 380.

The law appears to be that the attorney removed has a right to be paid the fees he has earned, and may recover them by suit against the client who has discharged him. The relation of attorney and client being one of employer and employe, the discharged attorney may recover from his employer, the client, whatever damages he may have suffered from the client's wrongful breach of the contract of hiring. *Prentiss* v. *Livingston*, 60 How. Pr. 380. The attorney may also compel payment by refusing to surrender papers in the cause, upon which he has a lien, until his fees are paid. According to several English decisions cited *supra*, the court will also place the order of substitution in control of the removed attorney, who may prevent its enforcement until he is paid his costs. It appears that to obtain possession of papers in the possession of a former attorney an independent proceeding is necessary. *Egan* v. *Rooney*, 38 How. Pr. 121.

AFTER JUDGMENT. Generally an attorney's authority ends with the rendition of a judgment or decree, and an order of substitution is not then necessary to enable a new attorney to proceed in the cause. *Egan* v. *Rooney*, 38 How. Pr. 121. Thus no order of court is necessary to enable a new attorney to sue out execution, (*Tipping* v. *Johnson*, 2 Bosw. & P. 357; *Thorp* v. *Fowler*, 5 Cow. 446;) to move for a new trial, (*Doe* v. *Bransom*, 6 Dowl. Pr. 490;) to enter satisfaction of judgment, (*Marr* v. *Smith*, 4 Barn. & Ald. 466;) to bring an appeal or writ of error, (*Batchelor* v. *Ellis*, 7 Term R. 337; *Hussey* v. *Welby*, Sayers, 218; *Bendernagle* v. *Cocks*, 19 Wend. 207; *Gonnigal* v. *Smith*, 7 Johns. 106; *Cocks* v. *Brewer*, 11 Mees. & W. 51; *Burgess* v. *Abbott*, 6 Hill, 135; *Dearborn* v. *Dearborn*, 15 Mass. 316.) So, on issuing an attachment for contempt of court in not performing an award, a different attorney from him who was attorney on record in the original suit may be appointed by the party without a substitution entered of record, or ordered of court, (*State* v. *Gulick*, 17 N. J. Law, 435,) and a judgment creditor may employ a new attorney to enforce his judgment without any formal substitution, on notice thereof, (*Knox* v. *Randall*, 24 Minn. 479.)

NOTICE. Notice to the opposite party must be given of the substitution. If not given, the attorney of record, or, if there be none, the party personally, may be treated as representative of the cause, and notice of motions, etc., served upon them by the opposite party. *Ryland* v. *Noakes*, 1 Taunt. 342; *Clement* v. *Crossman*, 8 Johns. 287; *Hardenbergh* v. *Thompson*, 1 Johns. 61; *Hoffman* v. *Rowley*, 13 Abb. Pr. 399; *Robinson* v. *McClellan*, 1 How. Pr. 89; *Dorlon* v. *Lewis*, 7 How. Pr. 132; *Given* v. *Driggs*, 3 Caines, 150; *Hildreth* v. *Harvey*, 3 Johns. Cas. 300. But the order of substitution need not be served; notice is enough. *Bogardus* v. *Richtmeyer*, 3 Abb. Pr. 179. As to notice, see, also, *McPherson* v. *Robinson*, 1 Doug. 217; *Wynne* v. *Wynne*, 2 Scott, N. R. 615; *Rex* v. *Middlesex*, 2 Dowl. Pr. 147; *Darnell* v. *Harrison*, 1 Harr. & J. 137; *Lovejoy* v. *Dymond*, 4 Taunt. 669.

COMPENSATION. Several cases decide points relative to the compensation of attorneys in case of substitution. The employment of an attorney is entirely a matter of contract, which, if not expressly made between the client and his attorney, will be implied by law. If implied, the attorney is entitled to a reasonable compensation, which he may secure in an action for a *quantum*

*meruit.* Where a special contract as to compensation is made, of course it governs the recovery. In case of the wrongful breach of the contract of employment by either party, the other may recover his damages therefor.

Where a law firm is engaged and paid for their services in advance, upon the death of one of the firm, the other, who subsequently alone conducts the suit to its termination, cannot recover extra compensation for his services since the death of his partner. *Dowd* v. *Trout*, 57 Miss. 204.

If an attorney, employed to defend a suit, is after some progress compelled by an election to the bench to retire from its charge, and engages the services of a substitute, who performs the duty, an action is maintainable by the first attorney to recover payment for the whole services rendered by both himself and his successor. *Fenno* v. *English*, 22 Ark. 171; *Allcorn* v. *Butler*, 9 Tex. 56. If the client is dissatisfied with the substitution, it is his duty to tender compensation for the services rendered, and to rescind the contract of employment. *Fenno* v. *English, supra.* If he does not do so, but, with notice of the substitution, accepts the services of the new attorney, the client cannot, when sued for fees, object to the substitution. *Allcorn* v. *Butler*, 9 Tex. 56; *Smith* v. *Lipscomb*, 13 Tex. 532.

If the attorney retained forms a partnership subsequently to his being employed, the new partner is not a party to the contract of employment, nor can he be made one except by consent of the client. The new partner is not the attorney of the client; and consequently the attorney first employed may sue alone to recover for his services. *Davis* v. *Peck*, 54 Barb. 426.

Of course, if the attorney abandons the cause before its termination he is thereby deprived of any claim for his fees under a special contract of employment, and loses whatever lien he may have under it, upon the proceeds of the suit. But it seems that he may recover what his services are reasonably worth upon a *quantum meruit* count. *Morgan* v. *Edwards*, 38 Ill. 65. In one case an attorney was employed to defend a party on a criminal charge, upon a fee to be paid after his services were rendered, and upon tendering such services was told by his client that he would no longer need him, as other counsel had been employed; whereupon the attorney informed the client that he was ready to comply with his contract and would make *him* do so; but he volunteered his services and assisted in the prosecution of the case. It was decided that, although the attorney might have recovered his fee by a continual tender and readiness to perform his part of the contract until the case was ended, yet his volunteering on the other side, and actually assisting in the prosecution, was an abandonment of the contract which forfeited his right of recovery. *Cantrell* v. *Chism*, 5 Sneed, 116.

An interesting case is *Meyers* v. *Crockett*, 14 Tex. 257, wherein an attorney was employed for a stipulated fee to prosecute a suit to final judgment, and was dismissed by the client without any fault on his part. It was decided that he was entitled to recover for the services already rendered, and the court questioned whether he was not entitled to recover the whole fee stipulated to be paid. "There would seem to be much reason," said the court, "in holding that he [the attorney] was entitled to recover the full amount of the fee contracted to be paid for the services contemplated by the contract. The case

differs from the common cases of the contracts of builders, overseers, etc., in which it has been held in the later decisions that a readiness to perform or a tender of performance is not in all respects equivalent to performance; that, though it is so for the purpose of sustaining an action, it is not so for the purpose of ascertaining the measure of damages. The relation of attorney and client is a peculiar and confidential relation. It is incompatible with that relation for the attorney to accept the employment or the confidence of both parties. And after accepting an employment and enjoying the confidence of one of them, though afterwards discharged by his client without cause, the attorney cannot in general, with propriety, accept an employment by the opposite party in the same case. This consideration would seem to afford a good reason why such contracts should be excepted from the rule to which we have adverted, and the attorney be entitled to recover the full amount of the fee for which he contracted with his client, who had wrongfully prevented him from performing his contract."

ATTORNEY'S EMPLOYMENT OF SUBSTITUTES. As a general rule, the employment of an attorney to prosecute or defend a suit does not confer upon him authority to employ a substitute to act in his place. The relation is one of personal trust and confidence, and the attorney cannot delegate his duties without the consent of his client. *Hitchcock* v. *McGehee*, 7 Porter, (Ala.) 556; *In re Bleakley*, 5 Paige, 311; *Johnson* v. *Cunningham*, 1 Ala. 249. He cannot employ assistant counsel and bind his client to pay him. *Paddock* v. *Colby*, 18 Vt. 485; *Gillespie's Case*, 3 Yerger, (Tenn.) 325; and see *Douglas* v. *State*, 6 Yerger, (Tenn.) 525; *Ratcliff* v. *Baird*, 14 Tex. 43; *Cook* v. *Ritter*, 4 E. D. Smith, 253. But an attorney may employ a substitute or assistant with the consent of his client, or his subsequent ratification. *Johnson* v. *Cunningham*, 1 Ala. 249; *King* v. *Pope*, 28 Ala. 601; *Smith* v. *Lipscomb*, 13 Tex. 532. And if an attorney has power to compromise, his substitute, duly appointed, possesses the same power. *Peries* v. *Aycenina*, 3 Watts & S. (Pa.) 64.

In *Briggs* v. *Georgia*, 10 Vt. 68, it is decided that an attorney employed to manage a suit may, in the absence of his employer, engage assistant counsel, and such counsel may charge his fees to the attorney or his client. It is otherwise, however, if the client or his authorized agent is present at the trial. And the attorney who employs a substitute or assistant will himself be liable for the fees of such substitute or assistant. *Scott* v. *Huxie*, 13 Vt. 50. So, if an attorney receives a demand for collection and turns it over to another attorney, who collects but fails to pay it over, the first attorney is liable. *Pollard* v. *Rowland*, 2 Blackf. (Ind.) 22. If the second attorney, having collected the demand, refuses to pay it over except upon an order from the first attorney, the presumption is that he is the agent of the first attorney, who cannot be held liable for the money collected until after a demand and refusal. *Cummins* v. *McLain*, 2 Ark. 402. And where an attorney received a note for collection, which he sent to another attorney, who collected but failed to pay over the amount, it has been decided that the first attorney has no right of action in his own name against the second attorney, unless he can show some special property or lien in or upon the amount as a claim for commissions, or an indorsement of the note in blank for collection. *Herron* v. *Bullitt*, 3 Sneed,

(Tenn.) 497. But where one attorney gave a note to another to collect without instructions as to its ownership, and the money collected was remitted to the payee of the note, whose name was indorsed on the note, it was held that this remittance, the payee not being the owner, did not discharge the collecting attorney from liability to his immediate principal; and that the action of the latter for the money would not be defeated by proof that he was himself the agent of the indorsee, unless the indorsee had asserted his right to the money as against his client. *Lewis* v. *Peck*, 10 Ala. 142.

*Chicago.*                                                ADELBERT HAMILTON.