### CHILSON v. HOWE et al.

*(Supreme Court, Special Term, Steuben County.  January 12, 1889.)*

1. APPEAL—ACTION ON APPEAL-BOND—DEATH OF ATTORNEY.

It is a sufficient excuse for failure to comply with Code Civil Proc. N. Y. § 1309, requiring 10 days' notice to be given to the attorney for the appellant in an appeal to the general term of the entry of a judgment affirming the judgment appealed from as a condition precedent to the maintenance of an action against the sureties in an undertaking to pay the judgment in case of its affirmance, that the attorney for the appellant died after the affirmance, and that none had been substituted, as the appellant cannot, by his failure to appoint an attorney, prevent the respondent from performing a condition for the sole benefit of the latter, and thus deprive him of his remedy.

2. SAME—SUBSTITUTION.

Code Civil Proc. N. Y. § 65, providing that, in the event of the death of an attorney before judgment, no further proceedings in the action shall be taken until his client shall have had 30 days' notice to appoint another attorney, has no application to the case of an attorney dying after judgment, and the affirmance thereof on appeal.

3. SAME—LACHES.

Though the attorney lived for several months after the affirmance of the judgment, during which the notice might have been served on him, failure to serve him is not such negligence on the part of respondent as will prejudice him.

At chambers.  On demurrer to complaint.

Action by Lorenzo D. Chilson against Henry Howe and Thomas Morrison, on an undertaking given upon an appeal taken from a judgment in favor of said Chilson and against Chauncey E. Huggans.

*G. N. Orcutt,* for defendants.  *F. H. Robinson,* for plaintiffs.

BRADLEY, J.  The question presented by the demurrer is whether the complaint states facts sufficient to constitute a cause of action.  The statute provides that an action shall not be maintained upon an undertaking like that in question until 10 days have expired since the service upon the attorney for the appellant of a written notice of the entry of a judgment affirming that appealed from.  Code Civil Proc. § 1309.  That provision differs from the former statute only in the use of the word "attorney" instead of the "adverse party."  Code Proc. § 348.  The service of the notice is a condition precedent to the right of action, and must be alleged, unless it appears by the complaint that such service was in some manner rendered unnecessary.  *Porter* v. *Kingsbury,* 5 Hun, 597, affirmed 71 N. Y. 588; *Rae* v. *Beach,* 76 N. Y. 164.  The failure to allege that such notice was served upon the attorney for the appellant in the action in which the undertaking was made and the judgment affirmed is the ground upon which the demurrer was taken.  It is, however, alleged in the complaint that such attorney died after such affirmance, and nearly a year before this action was commenced, and that no attorney has been appointed or substituted by such appellant in place of the one so deceased.  The attention of the court is called to no statute providing for the service of such notice in case of the death or other disability of the attorney defeating the opportunity to serve him with it.  The statute does provide that, in the event of the death of an attorney before judgment in an action, no further proceedings shall be taken in the action against the party for whom he appeared until 30 days' notice to appoint another attorney has been given to that party, either personally or in such manner as the court directs.  Code Civil Proc § 65.  This provision has no application to the present case, because the attorney did not die before judgment, nor by this action is any proceeding taken against such party.  The plaintiff, however, by his complaint,

alleges that he did, pursuant to the direction of this court, serve a notice to appoint an attorney upon such party more than 30 days before this action was commenced. While the statute also provides for service of a notice of appeal after the death of the attorney for the adverse party, (Id. § 1302,) there seems to be no provision for the service of a notice like that in question in that event, and where no attorney has been appointed to receive it. The situation presented in this case seems to be one not provided for by the statute.

The question, therefore, arises whether the death of the attorney for the appellant, and his failure to appoint another, are to operate as a denial of the right of the plaintiff to charge the sureties upon the undertaking by action with liability to perform it. By the undertaking they, in terms, assumed the obligation to pay the judgment in the event of affirmance, and they alone are liable on the undertaking. Their principal is primarily charged by the judgment, and, as such principal has undertaken to protect or indemnify them, the death of the attorney, and failure to appoint another in his place, has rendered it impossible for the plaintiff to perform the statutory condition precedent to the remedy against the defendants. The power to make such appointment is wholly in the appellant, who alone has the right to make it. He has therefore, by his failure or neglect to do so, denied to the plaintiff the means of performing such condition, and so far as he is concerned the plaintiff would seem to be excused and relieved from it, as a party cannot make the non-performance of a condition available for his benefit to the prejudice of another, whom he has, by withholding from him the means of doing it, prevented its performance. *Fleming* v. *Gilbert*, 3 Johns. 531; *Young* v. *Hunter*, 6 N. Y. 207.

It may be said that this condition, having relation to an action against the sureties, cannot be waived or excused by the principal. This was substantially held in *Rae* v. *Beach*, 76 N. Y. 168. In providing such condition, the statute had in view the existence of a person having the relation of attorney to the party in the action in which the undertaking should be made, and upon whom the notice might be served. The situation here does not permit the application of that provision of the statute to this case, which is not within such provision. It would therefore seem to follow that such condition is not applicable to the present case. When the undertaking was made the appellant had an attorney. By his death the performance of the condition was rendered impossible without the action of such party, which he could not be required to take, to supply the means for its performance by the plaintiff. The condition constituted no part of the consideration upon which the undertaking was made. It is merely a statutory condition precedent to the remedy, and to be strictly observed in cases to which it is applicable. The purpose of the undertaking was security for the benefit of the plaintiff. It evidently was not designed that it should be within the power of the party appellant to wholly defeat its beneficial effect to the respondent, which he could do if the provision was applicable to a case in which there is no attorney upon whom to serve the notice. If death did not take the attorney from the case, the client might remove him, and fail to substitute another, and thus defeat the opportunity for service of the notice.

The view here taken is that this case is not within the provision of the statute requiring the notice referred to, and that, where there is no attorney to be served, no notice is requisite as a condition precedent to the maintenance of the action. But, if it may be treated as a proceeding taken in the original action, and notice to the appellant to appoint an attorney required in accordance with the common-law practice, reference may be had to the allegations of the complaint to the effect that such notice had been given to him pursuant to the order of the court, and that he had failed to make such appointment. Such was then the practice. *Given* v. *Driggs*, 3 Caines, 150, Colem. & C. Cas. 485. And afterwards provision was made by the statute for notice to

appoint another attorney in place of one deceased, etc., before any proceedings should be taken against the party. 2 Rev. St. p. 287, § 67. His failure to make such appointment enabled the adverse party to take further proceedings in the action by service of notices upon the party. *Jewell* v. *Schouten*, 1 N. Y. 241; *Hoffman* v. *Rowley*, 13 Abb. Pr. 399. While the notice of entry of judgment of affirmance is in the original action, it is not a notice of any proceedings to be taken in it or against the party to such action; and, in the view taken, it is not deemed necessary to consider the question whether such notice could properly be served upon the appellant before the expiration of the proper time for him to appoint another attorney, whatever view might be taken if the statutory condition precedent did not limit the service to the attorney. By that restriction the service on the party would seem not to be essential, for the purpose of the action against the defendants.

It is suggested that, as the attorney was living and may have been served for several months after entry of the judgment of affirmance, the notice may have been served on him by the exercise of proper diligence. But the question of diligence or laches in that respect does not seem to be applicable or important in such case. It is only required that the service of the notice be made on the attorney 10 days before the action is commenced; and it is not seen that the omitted opportunity to make the service during the life of the attorney can, upon the ground of negligence, prejudice the plaintiff. These views lead to the conclusion that the plaintiff should have judgment on the demurrer, with leave to the defendant to withdraw the demurrer and answer over within 20 days, on payment of the costs of demurrer.