(5 App. Div. 202.)

### HIRSHFELD v. BOPP et al.

### In re CLIREHUGH. In re HIRSHFELD.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

PRACTICE IN CIVIL CASES—SUBSTITUTION OF ATTORNEY—RIGHT OF COURT TO REFUSE.

Where one of a large number of creditors of an insolvent bank brought an action on behalf of all, under an agreement with the receivers that it should be under charge of their counsel, and the costs should be paid from the common fund, a substitution of plaintiffs, or of attorneys, sought for the purpose of having the action discontinued, and defeating its object, will not be permitted.

Appeal from special term, New York county.

Action by Jacob Hirshfeld, suing on his own behalf and on behalf of all other creditors of the Madison Square Bank, against John

Bopp and others. From an order denying an application by Robert A. Clirehugh for substitution of Frederick W. Hinrichs as attorney in place of Moses Weinman, or of himself as plaintiff in place of Jacob Hirshfeld, said Clirehugh appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Frederick W. Hinrichs, for appellant.

Louis Marshall, for respondents.

BARRETT, J. The appellant rests his case upon two propositions: First, that a party has ordinarily a right to change his attorney at pleasure, upon payment of the attorney's reasonable charges; second, that where an action in equity, like the present, is brought by an individual plaintiff, upon his own behalf and upon behalf of all others similarly situated, such individual plaintiff may discontinue the action at any time before judgment. The appellant frankly intimates that it may be his purpose, upon securing a change of attorney, to discontinue the present action, and thus leave the other creditors of the bank (some 1,100 in number) without redress. We say "without redress," because it seems to be conceded that the statute of limitations has now run against fresh actions by any of these creditors. The proper disposition of this appeal does not require us to analyze the rules above referred to, nor will it be necessary to consider their precise scope or limitation. The real question is, will we permit these general rules, viewed in their broadest aspect, to be utilized for a fraudulent purpose? There is here no question of a client's right to change his attorney for proper or ordinary purposes. Shall he be permitted to do so for improper purposes foreign to the action? Shall he, to secure his own ends, be allowed, directly or indirectly, in effect to bargain away the rights of those whom he represents, or, rather, having substantially made such a bargain, will the court sanction and enforce it? For that is what it comes to, under the guise of applying the general rule that a client should be at liberty to dispense with his attorney when the latter has ceased to be satisfactory to him. There can be but one answer to this question. As to the second proposition, it is said that each of these creditors might have brought suit upon his own account, and, not having done so, they must take the consequences of a discontinuance which they should have known that the law authorizes before judgment. But 1,100 independent actions would have been impracticable, and, indeed, intolerable. It was to avoid this suggested multiplicity of actions that the arrangement in question was made between Hirshfeld and the receivers of the bank. We think that arrangement was not only legitimate, under the circumstances, but commendable, and that it should be enforced. It prevented multiplicity of actions, and it placed the responsibility for an appropriate single action, upon behalf of all the creditors, where it properly belonged, namely, upon those whose duty it was to secure the largest possible dividend for these creditors. As the receivers could not technically bring the action, they were quite

justified in agreeing, as they did, to bring it in Hirshfeld's name, to hold him harmless, and to pay the expenses from the general fund which is in their hands for the benefit of all the creditors. In consideration of this agreement upon the part of the receivers, Hirshfeld, on his part, agreed to leave the control and management of the suit to them and their counsel. Hirshfeld's assignee stands precisely in his shoes; that is, he took Hirshfeld's claim, and occupies his position subject to this arrangement. The court will not lend itself to any breach of the original understanding, nor permit any variation therefrom to affect the great body of creditors for whose benefit this arrangement was made. This arrangement should be treated as though it had been made by Hirshfeld directly with the body of creditors,—quite, in fact, as though he had agreed with them, and each of them, to bring the action upon his and their behalf at his and their joint expense, and for his and their joint benefit. Such was the practical effect of his agreement with the receivers, from which a quasi trust relation resulted as between himself and his fellow creditors. The court may always decline to permit the discontinuance of an action, where such discontinuance would work injustice. It may equally decline to substitute an attorney contrary to an express agreement, or where the substitution is sought, not for the benefit of the client, not for the purpose of realizing that to which the client is honestly entitled, but for ulterior and inequitable purposes. We distinguish this case, therefore, in the application of the rules upon which the appellant rests—First, in that Hirshfeld has consented to a change of attorney, not for his own purposes, nor for any legitimate purpose of his assignee, but for inequitable purposes, foreign to the action itself, and foreign to any rights which he or his assignee secured thereby; second, in that the action was not brought by Hirshfeld independently, for himself and others similarly situated, but under an express agreement that he would act for all, through the attorneys substantially representing all, and at the expense of the common fund. The court will not permit a discontinuance or a substitution of attorneys in violation of that agreement.

The court at special term properly exercised its discretion in denying Clirehugh's application, and the order appealed from should be affirmed, with costs. All concur.