PEOPLE v. BANK OF STATEN ISLAND.

(Supreme Court, Appellate Division, Third Department. May 2, 1906.)

1. ATTORNEY AND CLIENT—CHANGE OF ATTORNEY.

A client is ordinarily entitled to change his attorney at his own volition by an order of the court or a judge thereof, providing for payment or security of attorney's fees, as provided by Supreme Court rule 10.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, §§ 111, 114.]

2. SAME—RECEIVERS.

A receiver of an insolvent corporation, while not entitled as of right to change his attorney, is entitled to the granting of a motion for such change, unless the court is satisfied from proper evidence before him that the change would be prejudicial to the interests of the trust.

Appeal from Special Term.

Proceeding by the people for the settlement of the affairs of the Bank of Staten Island. From an order denying the motion by Joseph B. Mayer, as receiver to substitute Montague Lessler, as his attorney in the place of Harry S. Patten, and to require Patten to surrender to Lessler all papers, etc., connected with the receivership, the receiver appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Montague Lessler, for appellant.
James E. Duress, for respondent.
Julius M. Mayer, Atty. Gen., for the People.

PARKER, P. J. Ordinarily a client has the right to change his attorney at his own volition, subject only to the payment or securing of the fees and charges that are owing him. It must be done, however, if the attorney does not consent, by an order of the court or a judge thereof, and such order will always provide for such payment or security. And rule 10 of the Supreme Court has been always so construed. Trust v. Ropoor, 15 How. Prac. 570; Matter of Prospect Avenue, 85 Hun, 257, 259, 32 N. Y. Supp. 1013. But when the client is the receiver of an insolvent corporation and is acting for the benefit of its creditors, the right of such receiver to make such a change does not rest entirely upon his volition. The court then has the right to examine the reasons for the contemplated change, and determine how it will affect the interests of the beneficiaries for whom the receiver is acting. Hirshfeld v. Bopp, 5 App. Div. 202, 39 N. Y. Supp. 24. This dictinction between receivers and ordinary clients rests upon the fact that the receiver is, in fact, at all times subject to the direction of the court in the performance of his duties as such, and it may even control the selection of his counsel should it become proper to do so. Although there was no question over the payment of or securing the fees of Mr. Patten in this case, the Special Term, from which this appeal is taken, had the right to inquire further into the effect which the substitution of a new attorney would have upon the interests of those for whom this receiver was acting, and be controlled by the conclusion which it should reach upon that question. If the Special Term had made such inquiry, or had before it evidence from which it could determine that question, its decision might be sustained upon that ground; but it would appear from the memorandum filed by such court that its decision was put upon a construction of rule 10, and that, in the opinion of the justice who held such term, an attorney could not, under such rule, be removed without his consent, unless the client should show good and sufficient reason, other than his own desire, for such removal, and, inasmuch as he does not find in this record the statement of any reason that amounts to more than a mere desire on the receiver's part to make the exchange, he seems to have concluded that he has no authority under the rule to grant the motion. In this respect I think he was in error. Unless he was satisfied, from the proper evidence before him, that the interests of the trust would be prejudiced by the change, it was the plain right of the receiver to select his own attorney, and his motion for the substitution should have been granted.

For this reason the order must be reversed, with $10 costs, and without prejudice to the receiver to renew the motion at some other special term. All concur.