■ GLENMARK, INCORPORATED et al., Respondents, v. CHESTER CARITY et al., Individually and as Copartners Doing Business as CARITY-HOFFMAN ASSOCIATES, Defendants. GLENMARK, INCORPORATED, as Appellant and Respondent, by Virtue of a Conflict As To Its Control by Respective Shareholders' Interests. — Order, entered March 9, 1964, denying a motion made on behalf of plaintiff Glenmark by its proposed attorney for an order of substitution of attorneys unanimously reversed on the law and in the exercise of discretion, without costs to any party, and the motion remanded to Special Term before Mr. Justice HOFSTADTER, before whom the motion had been submitted, for further proceedings in consonance with the view expressed below. The right to a substitution should not be confused with the right to discontinue. The first is almost an absolute right (*Matter of Lydig,* 262 N. Y. 408, 409). The second is entirely discretionary and should not be allowed where the rights of third parties or the rights of the attorney will be impaired (CPLR 3217, subd. [a], par. 2; subd. [b]; *Frear* v. *Lewis,* 201 App. Div. 660, 667–669; 6 Carmody-Wait, New York Practice, p. 68). Consequently, in the present status of the Glenmark Corporation, without more, the motion for a substitution would perhaps have to be granted; but even then the court would be required to protect the outgoing attorney's right to compensation (*Robinson* v. *Rogers,* 237 N. Y. 467, 470). Indeed, in a proper case, if necessary to protect the

interests of others, or if sought for "ulterior and inequitable purposes", a substitution will be denied (*Hirshfeld* v. *Bopp*, 5 App. Div. 202, 205–206). The record establishes that there are other interests to secure which the stock of Glenmark has been pledged. It also establishes an unabashed but secretive effort to undermine the alliance among the plaintiffs in this action and the lien of the attorney for plaintiffs. Notably, the small considerations given to Edward L. Kushins and two other shareholders for their interests and the devious contingent arrangements with respect to the Kushins assignment are, perhaps, suggestive that there was more than appears on the surface of the transactions. Consequently, before any substitution is considered or may be effected these interests should be protected. One way to provide such protection would be to determine the *quantum meruit* compensation of plaintiffs' attorneys to an appropriate date and require its payment, and secure in some fashion the interest of the partial assignee and pledgee, respectively, of Mr. Kushins, namely, Allan B. Block and Beacon Hill Holdings, Ltd. An alternative would be to place in assignment, escrow, or trust, if Glenmark through its authorized officers will consent, or if it will not, in a receivership (the costs of which should be borne by the other plaintiffs, in the first instance) the cause of action held by Glenmark as embraced in the pleadings in this action. In that event, the assignee, escrowee, trustee or receiver would and should be authorized to continue the retainer of attorneys in common with the other plaintiffs. Whatever arrangements are made should last only so long as there is outstanding any creditor's or assignee's interests or the rights of the present attorneys for the plaintiffs for reasonable compensation. The court does not now pass, in any fashion, on these or any other alternatives, the parties having had no opportunity to make submission with respect to them, but alternatives may be explored at Special Term. Concur — Breitel, J. P., Valente, Stevens, Eager and Bastow, JJ.