THE GLENVILLE WOOLEN COMPANY, Respondent, *v.* JOSEPH RIPLEY, Appellant.

Where the plaintiff, a foreign corporation, brought an action against one of its stockholders to recover an installment due on stock, subscribed for by him, and the only defence relied on was, that a creditor of the plaintiff had obtained a judgment against it; and on proceedings supplementary to the execution thereon, an order had been made restraining the defendant from paying the debt, a receiver had been appointed and had duly qualified in such proceedings, though no demand was ever made by such receiver upon the defendant for the said debt.

*Held*, that plaintiff was entitled to recover, and that the defendant could have taken the order of the court directing the payment by him of the amount of the debt which would have protected him in such payment.

(Argued December 6th, and decided December 13th, 1870.)

APPEAL from the judgment of the General Term of the Superior Court of the city of New York, affirming a judgment for the plaintiff entered upon the report of a referee.

This action was brought to recover the amount of two installments of capital stock subscribed for in the plaintiff's company, a corporation existing under the laws of the State of Connecticut.

The defence interposed arose out of the following facts:

On the 15th day of October, 1855, the complaint in this action was served, on the 9th day of January, 1865, the answer was put in and on the 14th day of January, 1865, the reply was served.

Cousinery and Craig commenced an action against the plaintiff, and obtained an attachment against it as a foreign corporation; in which last mentioned action judgment was recovered against the said corporation on 10th December, 1863, and an execution thereon returned unsatisfied. Supplementary proceedings under section 294 of the Code were commenced against Joseph Ripley and an order obtained from a justice of the Supreme Court, requiring Ripley to submit to an examination as to his indebtedness to the said company, and enjoining him from paying such indebtedness to any person till the further order of the court.

On the 23d December, 1864, James W. Andrews was appointed receiver of such debt, and gave the security required by law.

It was not alleged, nor did it appear, that the receiver had ever demanded or taken any steps to recover the debt of the defendant.

The defendant set up these facts in his answer and claimed that by reason of the foregoing facts, the debt due from the defendant to the plaintiff in this action was vested in the receiver, and claimed that these facts were a defence in this action. The cause was referred in the court below, and on the coming in of the referee's report, judgment was entered for the plaintiff, from which an appeal was taken to the General Term of the Superior Court, where such judgment was affirmed, and from such judgment of affirmance an appeal was taken to this court.

*Thomas H. Rodman,* for the appellant, cited *Mech. & F. Bank* v. *Dakin* (33 How., 320); *Skinner* v. *Stuart* (39 Barb., 206).

*John H. Reynolds,* for the respondent, cited *Grant* v. *Morse* (22 N. Y., 547); *Russell* v. *Ruckman* (3 E. D. Smith, 419); 2 R. S., 366, §§ 13, 14, 15; Code, § 471; *Peck* v. *Tiffany* (2 Coms., 451); *Yale* v. *Matthews* (20 How., 430); 12 Abbott, 379; *Learned* v. *Vanderburgh* (7 How., 279); *Patterson* v. *Perry* (5 Bosw., 518); *Corning* v. *Glenville Woolen Company* (14 Abbott, 339); *McKay* v. *Harrower* (27 Barb., 463); *Howard* v. *Taylor* (5 Duer, 604); Code, § 232; *Russell* v. *Ruckman* (3 E. D. Smith, 122); 11 How., 380.

PER CURIAM. It is undisputed that there was a cause of action against the defendant, and that at the time of the commencement of the action, the plaintiff was the owner and holder of it, and that the judgment which has been recovered in the action is right in amount.

The sole defence relied on here, is one, which, if it exists, has arisen since the commencement of the action. It is, that a creditor of the plaintiff, having obtained a judgment against it, proceedings supplementary to the execution issued thereon were had in pursuance of section 294 of the Code of Procedure, an order was made restraining the defendant from paying the debt, and that a receiver was duly appointed by the court, and he having properly qualified, it is alleged that the debt of the defendant to the plaintiff was thereby vested in that receiver. It is not alleged or found by the referee that the receiver has ever taken any steps to possess himself of the cause of action, or to demand the debt of the defendant, or in any manner to interfere in this action, or that any payment has been made by the defendant to the receiver, or that in any way further than is here stated has the defendant become liable to pay to him. Such a defence cannot prevail.

If it should be conceded that the appointment of the receiver was valid, it did not defeat the action, nor did the

order restraining the defendant from paying the debt to the plaintiff stay proceedings in it. There was no difficulty in the way of the defendant, whenever he should concede that he was indebted, taking the order of the court for such a payment of the amount as would protect him from twice paying it. At the time the answer was served in this action, the Code of Procedure had, in its 122d section, provided a mode of action ample for the protection of the defendant. Had he then been willing to admit what the judgment establishes, that he was indebted to the plaintiff for the amount fixed by it, he could have then had all the relief needed by him. But he chose to litigate, and upon the facts established by the trial he has no defence against the claim of the plaintiff. He may yet, when the remittitur of this court shall go to the court below, upon motion to that court, have such order for his protection in paying the amount of the judgment as the facts shown will warrant.

The judgment appealed from should be affirmed with costs to the respondent.

All the judges concurring, judgment affirmed.