THOMAS MOORE, Appellant, *v.* HENRY A. TAYLOR, Respondent, Impleaded, etc.

### SAME *v.* SAME.

*Clerk of the court, cannot be appointed a receiver unless all parties consent — Code of Civil Procedure, sec. 90 — a failure to obtain such consent is an irregularity only — the authority of the plaintiff's attorney ceases on the entry of judgment.*

Upon an affidavit in the usual form, made by one of the attorneys of the plaintiff who had recovered the judgment, an order was made by a justice of the Supreme Court requiring the defendant to appear and be examined concerning his property. Thereafter this order was vacated, on motion, by the justice who granted it, upon the ground that before the proceedings were instituted a receiver of the property of the plaintiff had been appointed in supplementary proceedings instituted against him, by an order made in the Superior Court of the city of New York which had been duly filed.

The motion was resisted upon the ground that the person so appointed the receiver was at the time a clerk of the court appointing him, for which reason it was claimed that the appointment was void as made in violation of section 90 of the Code of Civil Procedure, which provides that no person holding the office of clerk of a court of record within either of the counties of New York or Kings shall hereafter be appointed by any court or judge a receiver, except by the written consent of all the parties to the action or special proceedings, other than parties in default for failure to appear or to plead.

*Held,* that as the Superior Court had jurisdiction over the action and the parties, and could properly appoint the clerk a receiver upon the written consent of all

the parties appearing, its failure to obtain such consent was a mere irregularity of which the plaintiff could not avail himself in this collateral proceeding.

It was further urged by the appellant that inasmuch as the receiver had not been substituted for the plaintiff he could not take the case out of the hands of the plaintiff's attorneys.

*Held*, that the objection was not tenable; that the authority of the plaintiff's attorneys ceased on the entry of the judgment, and after that the receiver could employ another attorney without substitution.

That a suggestion of the attorneys for the plaintiff that they had a lien upon the judgment upon which these proceedings were based, which gave them a right to continue the proceedings to enforce their lien, was met by the fact that they were not parties to the original proceedings or to the appeal, and that all their rights could be fully protected in all proceedings taken by the receiver.

APPEAL by the plaintiff in each action from an order entered in Monroe county, made by a justice of this court, on motion, vacating an *ex parte* order made by him in supplementary proceedings requiring the defendant Taylor to appear and be examined concerning his property.

*J. & Q. Van Voorhis*, for the appellant.

*McNaughton & Olmstead*, for the respondent.

SMITH, P. J.:

These proceedings, in each action, were instituted upon an affidavit in the usual form, made by one of the attorneys of the plaintiff, who had recovered the judgment. It appeared upon the motion to vacate the preliminary orders, that before the proceedings were instituted a receiver of the property of the plaintiff had been appointed in supplementary proceedings against him, by orders made by the Superior Court of the city of New York, and duly filed, and the motion to vacate is understood to have been granted upon the ground that, by the operation of such appointment, the title to the judgments herein passed to such receiver, and consequently that the plaintiff could not maintain the proceedings. The receiver duly qualified and, assuming that his appointment was valid, he became vested with the title to the personal property of Moore, from the time of filing the order appointing him. (Code of Civil Pro., § 2468.)

It appears that the person appointed such receiver was, at the time, the clerk of the court appointing him, for which reason the

appellant's counsel contends the appointment was void. He relies upon section 90 of the Code of Civil Procedure, which provides that no person holding the office of clerk of a court of record within either of the counties of New York or Kings, shall hereafter be appointed by any court or judge a receiver, except by the written consent of all the parties to the action or special proceeding, other than parties in default for failure to appear or to plead. It is a general rule that the jurisdiction of any court, exercising authority over a subject, may be inquired into in any court where the proceedings of the former are brought by a party claiming the benefit of them. (*Elliott* v. *Piersol*, 1 Pet., 328, 340; *Chemung Canal Bank* v. *Judson*, 8 N. Y., 254; *Dobson* v. *Pearce*, 12 id., 164; *Craig* v. *Town of Andes*, 93 id., 410.) But we regard the defect pointed out as an irregularity merely and not a lack of jurisdiction. The Superior Court had jurisdiction of the subject, the proceeding and the parties. It had jurisdiction to appoint a receiver. It could properly appoint its clerk such receiver upon the written consent of all the parties appearing. It seems that such appointment, without such consent, would be a mere irregularity which the parties might waive. The statute does not say such appointment shall be void. For aught that appears Moore, the defendant in that proceeding, has waived the irregularity by acquiescing in the appointment. It is not shown that he has moved to vacate it, or sought in any way to avail himself of the irregularity. The appointment is, therefore, valid as to him, we conceive, and being so no third person can dispute its validity. Besides, it cannot be assailed collaterally, the defect alleged being an irregularity merely. (See *Wright* v. *Nostrand*, 94 N. Y., 31, 45, and cases there cited.) The case of *Whitney* v. *New York and Atlantic Railroad Company* (32 Hun, 165), cited by the appellant's counsel, was a direct proceeding to set aside the order complained of, and by the express terms of the statute under which the order was made, the defect pointed out made it void. (Laws 1883, chap. 378, § 8, p. 559.)

Some other alleged irregularities are specified by the appellant's counsel and claimed by him to render the appointment of the receiver invalid. It is not necessary to refer to them particularly; the contention in respect to them is met by the views already expressed.

It is urged by the counsel for the appellant that inasmuch as the receiver has not been substituted for the plaintiff, he cannot take the case out of the hands of the plaintiff's attorneys. The case of *The Glenville Woolen Company* v. *Ripley* (43 N. Y., 206) is cited in support of that proposition. It is clearly distinguishable from the present case. There the receiver of the plaintiff was appointed *after the commencement of the action*, and when the suit was begun the plaintiff was the owner of the demand on which he sued. As the receiver had not called on the defendant for pay, or taken any steps to possess himself of the cause of action, it was held that the facts constituted no defense. It is unnecessary that the receiver be substituted for the plaintiff in this action. The action has proceeded to judgment. The receiver is in the position of an assignee of the judgment. The authority of Moore's attorney ceased on the entry of judgment, and after that the receiver could employ another attorney without substitution. (*Lusk* v. *Hastings*, 1 Hill, 656 ; *Egan* v. *Rooney*, 38 How. Pr., 121.)

The attorneys for the plaintiff Moore suggest that they have a lien upon the judgments upon which these proceedings are based, and that they have a right to continue the proceedings to enforce their lien. It is an answer to that position that they are not parties to the original proceeding or the appeal. Their rights, as lienors, can be fully protected in all proceedings taken by the receiver, and if the receiver fails to proceed with reasonable diligence, or neglects his duty in other respects, any party interested in the assets or funds in his hands can apply to the court for appropriate relief.

We think the orders appealed from should be affirmed, with the costs of the appeal in one case only, and disbursements in both.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

So ordered.