In the Matter of Acquiring Title, etc., to Prospect Avenue in the Twenty-third Ward of the City of New York.

Celina Dodin, Appellant; Edmond Huerstel and Another, Respondents.

85 257
91 637
85 257
85ap169
85 257
42ap604
85h 257
f 57ad 22
85h 257
39 Mis²270

*Substitution of attorneys — the attorney's compensation secured to him, except in case of his misconduct.*

Upon an application by a party to an action, for the substitution of another attorney in place of his attorney of record, ordinarily the court will see that the original attorney is protected as to his fees; but where the attorney's conduct has been improper and neglectful, the court will deny its protection and direct an unconditional substitution, leaving the attorney to his action for his fees.

Apart from the question of misconduct or bad faith, a client, subject only to the payment of the attorney's fees in a proper case or the securing of them, if they cannot then be fixed and determined, has the right, without assigning any cause, at any point in a suit or proceeding, to change his attorney.

Appeal by Celina Dodin from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of January, 1895, denying the motion of said Celina Dodin for a substitution of attorneys.

One Celina Dodin applied for a substitution of attorneys in the above-entitled proceeding. She is a widow upwards of fifty years of age, owning some property on Prospect avenue in this city, for the widening whereof proceedings were instituted by the city of New York; it appeared that for the purpose of procuring proper awards for her property which it was intended to take, she retained an attorney, with whom she had been acquainted for several years, and who had acted for her as legal adviser in many matters during that period; that for some reason unknown to her the attorney directed his clerk to appear as attorney in such proceedings and he did so appear; that she now desires to sever the relation between them and to have another attorney appear for her, for the reason that the person selected and now acting for her induced her to make him a loan of $3,000 upon a promissory note and upon the representation that it would be paid at maturity. That as the result of her confidence in him and her relationship to

him she did loan the money, that the note was not paid at maturity and she was obliged to bring an action, wherein the clerk, who, as stated, had appeared for her in the proceedings, acted for her attorney; that she obtained judgment and issued execution, but the latter was returned unsatisfied, and up to the present time she has been unable to realize anything upon her judgment. That she believes her present relationship to her attorney is such that it is improper for him to represent her as attorney or otherwise, either in his own name or in that of his clerk, and she asks that other attorneys be substituted in their place and stead.

In answer, the attorney, without denying the client's statements, claims that by virtue of a written power of attorney, which is set forth in full, she constituted him her attorney in fact, and agreed for the services to be rendered to pay him certain compensation which was contingent upon his success; that is to say, he was to receive twenty-five per cent of the amount of any decrease of assessments or increase of awards, or both, from the amount of assessments and awards established in the first instance by the commissioners appointed in the proceeding, and in the event of the proceeding being discontinued after any assessment should be fixed by the commissioners, he was to receive ten per cent of such assessment, and in the event of no increase of awards or the setting aside of the proceedings, he was to receive no compensation whatever.

*Earley & Prendergast*, for the appellant.

*Edmond Huerstel* and *William J. Gilroy*, for the respondents.

O'BRIEN, J.:

In denying the motion for a substitution the learned judge below stated that he did not "think that the moving party is entitled to substitution as a matter of right in this case. Some misconduct should be shown upon the part of the attorney."

If what had been here sought was an unconditional substitution the conclusion thus arrived at would have been right. The application, however, was not for an unconditional substitution, but for a substitution, and this the court had the right to grant upon such terms as were just. The question presented is, then, was the client, upon the showing made, entitled to any relief?

As held by this court in the case of *Pierce* v. *Waters* (10 Wkly. Dig. 432, head note), " upon an application by a party for substitution of another attorney in place of his attorney of record, ordinarily the court will see that the attorney is protected as to his fees; yet where the attorney's conduct has been improper and neglectful the court will deny this protection and direct an unconditional substitution, leaving the attorney to his action for his fees." This clearly points out what we think is the distinction to be observed upon motions of this character. If an unconditional substitution is asked for this will not be granted unless such misconduct on the part of the attorney is shown as would deny him the protection which the court would otherwise afford him for his fees or for any other lien that he might have.

Upon this application, even though we do not go to the extent of holding that the act of the attorney in borrowing from his client, a widow, without security and without having, as shown by the results, the ability to pay, the sum of $3,000, necessitating on her part a resort to remedies to collect the judgment, was so wrongful as to amount to misconduct and bad faith, yet we think it clear that the delicate and confidential character of the relations which should exist between attorney and client were by such act necessarily destroyed, and that the client, under the circumstances, was entitled to some relief. We think, apart from the question of misconduct or bad faith, that a client, subject only to the payment of the attorney's fees in a proper case, or securing them if they cannot then be fixed and determined, has the right, without assigning cause, at any point in a suit or proceeding, to change his or her attorney. And this view, we think, finds support in the cases of *Ogden* v. *Devlin* (45 N. Y. Super. Ct. 631); *Prentiss* v. *Livingston* (60 How. Pr. 380); *In re Paschal* (10 Wall. 483). In *Ogden* v. *Devlin* it was held that a client has the right, of his own volition, to change his attorney of record, and this though no complaint is made against the attorney, and though the object for which the benefit of his services was required has been accomplished; but that the condition of granting substitution in such a case is the payment or securing in full for his services as such attorney and counsel. And, as said in *In re Paschal* (*supra*): " The relations between counsel and client are of a very delicate and confidential character, and unless the utmost

confidence prevails between them the client's interests must necessarily suffer."

While, therefore, the client has a right to a substitution at any time upon payment or the securing of the attorney's fees — which is but another way of saying that such right is conditional — there is the other right, arising from the misconduct of the attorney, which, when shown to the satisfaction of the court, is unconditional. In one case a substitution is granted as a matter of course upon terms; and in the latter, for misconduct the substitution is unconditional.

There is no force in the suggestion of the respondent Huerstel, that the written power constituted him an attorney in fact with an interest, and that, therefore, the client could not upon any terms substitute another in his place. There is nothing in the power itself which states or indicates that he was to be the attorney in fact; and the fair construction of the instrument is that he was retained and given all the power that an attorney ordinarily has in such a proceeding, the purpose of it being definitely to fix the amount of his compensation, which could have been provided for just as well by parol, but which the parties for greater certainty reduced to writing. In other words, the right to receive the compensation mentioned in the retainer is nothing more than the ordinary right which an attorney at law has by way of a lien upon the case and papers and money received for his costs and compensation. The fact that such attorney directed his clerk to appear for him in the proceeding does not prevent the client obtaining any relief, because there was no authority given him to delegate to another the right to appear for Mrs. Dodin in the proceeding, and upon his authority ceasing, that of the clerk would fall with it, there being no obligation upon the part of Mrs. Dodin to pay the clerk.

We think, therefore, that, without assigning any reasons, Mrs. Dodin was entitled to a substitution. We do not decide that by reason of the misconduct of the attorney in borrowing from her she is entitled to an unconditional substitution, but that, subject to proper provision to be made in the order for the compensation to which he may be entitled, the order should be reversed and the application for a substitution granted. We cannot, however, overlook the fact, which is not denied, that the attorney has $3,000 of her money, which is represented by the judgment she obtained

against him, and to that extent he is secured. We think that the provision in the order should be that either party should have leave to apply for a reference, now or hereafter, to determine the amount of the attorney's lien, as against which she should have the right to offset the $3,000 borrowed from her, she only being required to pay him any additional amount that may be found to be due him, and, if the amount due him for compensation is less than the amount of the judgment, that he should be credited with that sum upon the judgment.

Order reversed accordingly and the application for substitution granted, with ten dollars costs and disbursements.

FOLLETT, J., concurred.

Order reversed and application granted, with ten dollars costs and disbursements.