case was whether plaintiff was employed by defendant for one year from March 1, 1892, as he claimed, or whether such employment ceased on October 1, 1892, when he was discharged by defendant. On this question there were only two witnesses sworn, the plaintiff in his own behalf and Mr. Sheehan on the part of defendant. The testimony of the two witnesses was in direct conflict. Plaintiff swore positively that he was hired for one year from March 1, 1892, while Mr. Sheehan testified that his employment ceased on October first. We are unable to see how we could properly reverse the judgment on the facts. The defendant made no motion for a nonsuit or for a direction for a verdict, but acquiesced in the submission of the case to the jury. In *Peck* v. *Bell* (7 Hun, 454), Learned, J., says: "The failure of a defendant to move for a nonsuit, or to ask the court to direct a verdict for the defendant, is an admission that there is sufficient evidence to go to a jury, and the defendant is thereby precluded from moving to set aside the verdict as against evidence." (See, also, *Barrett* v. *Third Ave. R. R. Co.*, 45 N. Y. 628, 632.) Had the defendant, however, moved for a nonsuit at the close of the trial or for a direction of a verdict, this was not one of those cases where the trial judge could properly have withdrawn the case from the jury. It is only where there is a decided preponderance of evidence in favor of one of the parties that a court is justified in directing a verdict or granting a motion for nonsuit. (See opinion of Potter, J., in *Morss* v. *Sherrill*, 63 Barb. 21.) Under the doctrine laid down in the case cited, and many other kindred cases, it was the province of the jury to pass upon the credibility of the two witnesses sworn in the case, there being no decided preponderance of evidence either way. We have examined the exceptions to the rulings of the court below taken on the trial and think none of them require a discussion or a reversal of the judgment. The judgment should be affirmed, with costs. Present — Mayham, P. J., Putnam and Herrick, JJ.

John Edwards, Appellant, v. The Niagara Fire Insurance Company of the City of New York, Respondent.— Judgment affirmed, with costs. No opinion.

Arthur W. Sherman, Respondent, v. Charles A. Foster and others, Appellants.— Judgment affirmed, with costs. No opinion.

Henry L. Gregg, Respondent, v. The Granger & Gregg Brewing Company, Appellant.— Order affirmed, with costs and disbursements. No opinion.

Susie Sheldon, Appellant, v. Cornelia Mott and Others, Respondents.— Order affirmed, with costs and disbursements.

*Mem.* by HERRICK, J.: The power of a court upon the request of a client to make an order substituting one attorney for another is undoubted. When such an order should be made upon the payment of the attorney's costs, and when it may be made without providing for such payment, is discussed in *The Matter of Prospect Avenue* (85 Hun, 257). I agree with the conclusion arrived at there, and see no occasion for indulging in any further discussion of it. That decision covers the questions raised upon this appeal. The affidavits disclose a state of facts which seem to me to be sufficient to have authorized the Special Term in making the order made in this case. A discussion of the facts will neither be of advantage to the cause of justice nor for the benefit of the parties to this appeal. The order appealed from should be affirmed, with ten dollars costs and disbursements. Mayham, P. J., and Putnam. J., concurred.

Jeremiah Kiely and Joseph A. Stahl, Respondents, v. Mary H. McMillen, Appellant.—Judgment of County Court and of the City Court reversed, with costs of this appeal and with costs of the County and City Courts.—

*Mem.* by PUTNAM, J.: The testimony offered by the plaintiffs before the justice was clearly insufficient to sustain the judgment. It was not shown that defendant was the owner of the premises on which the plaintiffs made the drain and placed the hydrant for which they sought to recover in the action. Nor did it appear that defendant's husband was authorized by her to enter into the contract with plaintiffs under which they claimed. It was not shown whether the account set out in the complaint was charged or the bill thereof made out to defendant or her husband, and the receipts read in evidence failed to show the liability of defendant, as one of them acknowledged the payment of fifty dollars by defendant's husband on account, and the other twelve dollars by defendant on account. Again, the plaintiffs neglected to prove that they had laid the new drain, and made the repairs entitling them to payment of eighty-two dollars and fifty cents under their contract with defendant's husband. We think an opinion in the case is unnecessary. In the absence of testimony to sustain plaintiffs' alleged cause of action, defendant's motion for a nonsuit should have been granted, and hence the judgment of the County Court should be reversed, with costs of this appeal, and the judgment of the Justice's Court should also be reversed, with costs of the court below. Mayham, P. J., and Herrick, JJ., concurred.

Walter J. Eaton, Appellant, v. Edgar W. Philo, Respondent. — Judgment affirmed, with costs. No opinion.

---

## CASES DECIDED DECEMBER 28, 1895.

Sarah G. Smith v. John B. Smith.—Decision amended so as to read: "Judgment appealed from in so far as it denies a divorce to plaintiff affirmed; and in so far as it grants it to defendant with costs and disbursements, reversed. The judgment as so modified affirmed, without costs to either party upon the trial in the court below, and without costs of this appeal to either party." No opinion.

The People of the State of New York, Respondent, v. Irving Gumaer, Appellant.— Motion for reargument granted. No opinion.

Fred Williamson, Respondent, v. Frank W. Carlton and Another, Appellants.— Order affirmed, with ten dollars costs. No opinion.

Myron Young, Respondent, v. George E. Nestell, Appellant.—Order affirmed, with costs. No opinion.

Silas W. Prince and Another, Respondents, v. Louis Frazer and Others, Appellants.—Judgment affirmed, with costs. No opinion.

The People of the State of New York ex rel. Winsor B. French, Respondent, v. Byron J. Town, Receiver of Taxes of the Village of Saratoga Springs, Appellant.—Reargument ordered. No opinion.

The People of the State of New York, Appellant, v. William Bennett, Respondent.— Judgment of conviction reversed. No opinion.