ORVILLE M. BARKLEY, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Defendant.

S. K. & B. C. WILLIAMS, Respondents.

*Substitution of attorneys — the Special Term should determine whether the relief should be granted on condition of the attorney's fees being paid, or unconditionally because of his misconduct.*

Upon an application by the plaintiff in an action, for the substitution of another attorney in the place of the attorney by whom the action was brought, the Special Term is called upon to determine whether the substitution shall be made on condition of payment of the attorney's fees, or shall be granted absolutely and unconditionally because of the misconduct of the attorney.

APPEAL by the plaintiff, Orville M. Barkley, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 27th day of July, 1898, denying the plaintiff's motion for an order substituting Frank C. Sargent as his attorney in this action in the place of S. K. & B. C. Williams.

Plaintiff, then an infant, was injured September 18, 1882, while in the employ of the defendant, near Fairport. Subsequently he employed S. K. & B. C. Williams to commence an action to recover damages. The action was commenced on the 3d day of September, 1885. The defendant answered and the issues framed by the pleadings were brought to trial at a Circuit held by Judge MACOMBER October, 1887, and the trial resulted in a verdict of $7,000 for the plaintiff. A motion for a new trial on the minutes was made by the defendant, which was entertained by the Circuit Court, but was not argued until July 12, 1892, and an order was afterwards granted as of October 18, 1887, denying the motion for a new trial, and giving the defendant's attorneys time to make a case on appeal from the order and staying the proceedings on the verdict until the decision of the appeal. A case was made in December, 1892, and several amendments were made in February, 1893. July 12, 1898, the proposed case containing exceptions and the proposed amendments were settled and the case as settled ordered filed, and on the 21st of November, 1892, the defendant took an appeal. On the 23d day of June, 1898, the plaintiff visited the village of Newark and sought an interview with one of the attorneys for the plaintiff and sought information as to the condition and situation of the case. There is a great conflict in the affidavits as to what transpired at that interview. The plaintiff is supported in his version by the affidavit of Joseph Michels. On the 27th of June, 1898, the plaintiff gave notice of a motion for an order " granting a substitution of attorneys from S. K. & B. C. Williams to Frank C. Sargent, in this action ; also for an order directing S. K. & B. C. Williams to deliver to said attorney Frank C. Sargent the summons, complaint, notice or* retainer, answer, notice of appeal and all papers now in their possession in reference to the action now pending in this court." The affidavit of the senior Williams was read upon the

---

* *Sic.*

motion and exhibits produced and other papers which appear in the appeal book bearing upon the question of alleged negligence and delay of the attorneys of the plaintiff in prosecuting the action.

*Frank C. Sargent,* for the appellant.

*Thos. Raines* and *S. K. Williams,* for the respondents.

HARDIN, P. J. :

Upon the papers presented at the Special Term the plaintiff was entitled to an order of substitution upon payment or securing the attorneys' fees, or unconditionally if the court was of the opinion that the misconduct of the plaintiff's attorneys had been such as to bring the case within the rule laid down in *Matter of Prospect Avenue* (85 Hun, 257). In delivering the opinion in that case, *Pierce* v. *Waters* (10 Wkly. Dig. 432) was referred to with approbation so far as it states the rule, viz. : " Upon an application by a party for substitution of another attorney in place of his attorney of record, ordinarily the court will see that the attorney is protected as to his fees, yet where the attorney's conduct has been improper and neglectful, the court will deny this protection, and direct an unconditional substitution, leaving the attorney to his action for his fees." The rule announced in the two cases referred to seems to be supported by authority. (See *Matter of Lexington Avenue, No. 1,* 30 App. Div. 602.)

The motion before the Special Term was two-fold in its nature, and that court was called upon to determine whether the substitution should be made on condition of payment of the attorneys' fees or granted absolutely and unconditionally for the reason of the alleged misconduct of the attorneys. In respect to the latter branch of the motion, there is a grave conflict in the affidavits and papers used upon the motion, and, inasmuch as the order must be reversed, we are disinclined to pass conclusively upon that branch of the motion.

We think the order should be reversed and the Special Term directed to determine whether the substitution should be conditional that the attorneys' fees are paid, or unconditionally after a reference is ordered to determine the disputed questions of fact arising in the further consideration of the motion.

At the hearing of the Special Term it was alleged that the plaintiff had parted with a portion of his interest in the right of recovery of damages. Upon the hearing before us, a copy of the contracts referred to in the affidavits was produced, and, doubtless, upon a reference they will be produced before the referee.

All concurred.

Order reversed, with ten dollars costs and disbursements to the appellant payable by the respondents. It is further ordered that it be referred to Hon. James C. Smith to take evidence and report the same to the Special Term, with his opinion, as to the terms upon which a substitution of attorneys shall be ordered, and either party is at liberty to bring on the hearing before the referee upon eight days' notice.