### JENY v. MERKLE et al.

(Supreme Court, Appellate Division, Second Department. November 20, 1908.)

1. ATTORNEY AND CLIENT (§ 75*)—SUBSTITUTION—RIGHT.

    A client may change his attorney without assigning any cause; the only question for litigation being whether the substitution should be unconditional or conditioned on plaintiff's paying or securing payment of attorney's fees.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 111–115; Dec. Dig. § 75.*]

2. ATTORNEY AND CLIENT (§ 75*)—SUBSTITUTION OF ATTORNEY—CONDITIONS.

    Where plaintiff's attorney, in a suit for partition, conceded that the suit could not be brought to a successful termination because the whereabouts of the life tenant was unknown, and it was impossible to secure the consent of the remaindermen to a sale as prescribed by Code Civ. Proc. § 1533, plaintiff, having received no benefits from services of his attorney, was entitled to a substitution of attorneys in order that he might discontinue the suit, without paying or securing attorney's fees.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 113–115; Dec. Dig. § 75.*]

Appeal from Kings County Court.

Suit by Edward A. Jeny against Haven Merkle and others. From an order denying plaintiff's application for the substitution of another attorney in the place of F. Bell-Fenwick, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Herman S. Bachrach, for appellant.
F. Bell-Fenwick, for respondent.

MILLER, J. This is an appeal from an order denying a motion made by the plaintiff for a substitution of attorneys. The client has the right without assigning cause to change his attorney, and the on-

---

ly question before the court on this motion was whether the order should be made unconditionally or conditionally upon the plaintiff's paying or securing payment of attorney's fees. Matter of Prospect Avenue, 85 Hun, 257, 32 N. Y. Supp. 1013; Barkley v. N. Y. Central & H. R. R. Co., 35 App. Div. 167, 54 N. Y. Supp. 970. The action was brought in 1905 to partition real property in which the parties had remainder interests. Nothing has ever been done except to have a guardian ad litem appointed for an infant, and a referee appointed to hear and determine the issues raised by the pleadings. It appears to be undisputed that no further steps can be taken in the action because the whereabouts of the life tenant is unknown, and it is impossible to procure the consent prescribed in section 1533 of the Code of Civil Procedure. The plaintiff desires substitution of attorneys for the purpose of discontinuing the action.

It is difficult to perceive what benefit the services of the attorney have been to the plaintiff. While we do not say that the attorney has been guilty of neglect or misconduct, we do not think that this is a case in which the plaintiff should be burdened with an expensive reference to ascertain what fee, if any, should be paid him. The plaintiff wishes to discontinue a suit which was prematurely brought and which the attorney concedes cannot now be brought to a successful termination. Under these circumstances we think that justice will be subserved by leaving the attorney to his action to recover whatever he can show his services were worth.

The order is reversed, with $10 costs and disbursements, and the motion is granted, without costs. All concur.